CHARLES SOLT et al., Plaintiffs-Appellants, v. LINDA McDOWELL et al., Defendants-Appellees.

(Nos. 70-148, 70-149 cons.;

Second District—June 10, 1971.

*Rehearing denied August 19, 1971.*

Goldberg & Goldberg and Martin, Drucker, Karcazes, Kreisman, Epstein & Kite, both of Chicago, for appellants.

Caldwell, Berner & Caldwell, of Woodstock, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The appeals of the plaintiffs in two related cases have been consolidated.

No. 70-149

Plaintiffs sued Alice C. McDowell to recover damages resulting from an automobile accident which occurred on August 28, 1966. On December 21, 1967, Alice C. McDowell filed an answer admitting that she owned the automobile but denying, in two separate paragraphs, that she was operating the vehicle at any of the alleged times mentioned in plaintiffs' complaint. Her answer alleged, in a further paragraph, that no motor vehicle operated by her was involved in a collision with plaintiffs' motor vehicle. Thereafter, defendant—Alice McDowell—filed a motion for summary judgment which was allowed, and an order dismissing the cause was entered on September 26, 1969.

A petition, which has been treated by the parties as based upon Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 72), was filed by the plaintiffs on February 27, 1970. It sought to vacate the dismissal order and requested leave to add Linda McDowell as a party defendant. In substance, plaintiffs stated in their petition and supporting affidavit that they were not aware that Linda—rather than Alice McDowell—was the driver of the "defendant vehicle" until after the expiration of the statute of limitations; that plaintiffs each held an erroneous belief as to the (defendant) driver's identity until the taking

of a deposition on May 16, 1969, which was after the statute of limitations had run; and that each held this belief because Linda had represented to plaintiffs at the scene of the accident that she was Alice McDowell and had displayed documents with Alice's name. The plaintiffs appeal from the trial court's denial of this petition.

No. 70-148.

After the entry of summary judgment in appeal 70-149 but before the filing of the Section 72 petition, plaintiffs brought suit against Linda McDowell for personal injuries arising out of the same occurrence of August 26, 1966. Linda appeared and moved to dismiss pursuant to Ill. Rev. Stat. 1967, ch. 83, par. 15, alleging the bar of the two year statute of limitations. The case against Linda was dismissed with leave to file an amended complaint. The amended complaint thereafter filed joined both Linda and Alice as defendants and asked damages for deceit, alleging that Linda fraudulently misrepresented that the driver's license and insurance card in the name of Alice McDowell, which she presented to plaintiffs, were hers. On dismissal of this complaint, a second amended complaint was filed which alleged the personal injury action against Linda in the usual form and which additionally set forth the alleged misrepresentations of Linda at the scene of the accident. Defendants moved to dismiss pursuant to Ill. Rev. Stat. 1967, ch. 110, par. 48(e), setting forth the bar of the statute of limitations. They also moved to dismiss pursuant to par. 48(i), setting forth as affirmative matter that Linda exhibited her own driver's license to plaintiffs and had never possessed Alice McDowell's driver's license. The substance of the defendants' affidavits was that Linda was never in possession of Alice McDowell's driver's license but that she did have her mother's insurance identification card and had explained that the "Alice" shown on that card was not her but her mother. The motion alleged in the alternative that even if Linda had exhibited Alice McDowell's driver's license, said act was not the proximate cause of the damage to plaintiffs (an apparent reference to Alice's answer which advised the plaintiffs in due time that Alice was not involved in the accident). The court dismissed the second amended complaint from which dismissal plaintiffs have appealed.

We affirm the judgments of the trial court dismissing each of the cases.

■■ *In appeal No. 70-149*, the trial court properly found that there was no basis for Section 72 relief from the summary judgment in favor of Alice McDowell. She filed a timely answer, advising that she was not involved in the occurrence, and this was sufficient to put plaintiffs on notice that an inquiry into the true identity of the driver was required. (See *Ater v. Smith* (1910), 245 Ill. 57, 72.) Moreover, plaintiffs were aware, as shown by the affidavit filed prior to the entry of the summary

judgment, of the purported misrepresentations by Linda; and no reasonable explanation for the delay—from September 26, 1969, to February 27, 1970—was advanced to excuse plaintiffs' negligence in pursuing relief under Section 72.

■■ *In appeal No. 70-148,* the trial court also properly dismissed the complaint. Plaintiffs have argued that the second amended complaint is based upon fraudulent concealment of a cause of action and is, therefore, subject to the five year statute of limitations provided in Ill. Rev. Stat. 1967, ch. 83, par. 23. Assuming arguendo that Linda did misrepresent her identity as alleged by plaintiffs, the trial court properly ruled that these alleged acts of fraudulent concealment ceased to be operative when Alice filed her answer on December 21, 1967, thereby leaving more than eight months within which plaintiffs could have ascertained, with reasonable diligence, the true identity of the defendant driver and then filed suit before the expiration of the two year statute of limitations. If a party discovers, or could by the exercise of reasonable diligence discover, that purported representations are false, at a time when a reasonable period remains within the applicable statute of limitations, then ch. 83, par. 23 will not apply, and the defendant will not be estopped from asserting the statute of limitations as a defense. (*Skrodzki v. Sherman State Bank* (1932), 348 Ill. 403, 407; *Reat v. Illinois Cent. R. Co.* (1964), 47 Ill.App.2d 267, 274, 275.) In these circumstances, reliance can no longer be placed upon the alleged misrepresentation. The damages then result from the neglect to proceed upon the basis of the correct information which is available in due time. See *Schreibman v. Chase Manhattan Bank* (1962), 224 N.Y.S.2d 977; and *Hiliel v. Motor Haulage Co.* (1955), 140 N.Y.S.2d 51, affirmed 149 N.Y.S.2d 224 (1956).

*Sabath v. Morris Handler Co.* (1968), 102 Ill.App.2d 218 relied upon by plaintiffs, is not authority for holding defendant estopped from relying upon the two year statute of limitations in this case. The acts giving rise to the estoppel in *Sabath* did not cease to operate prior to the expiration of the limitations period but continued thereafter. Here, the plaintiffs were informed in sufficient time to act before the bar of the statute.

Plaintiffs have also argued that the second amended complaint states a cause of action for fraudulent misrepresentation, thus making it subject to the five year statute of limitations provided in Ill. Rev. Stat. 1967, ch. 83, par. 16, citing *Edwards v. Chicago & N.W. Ry. Co.* (1967), 79 Ill. App.2d 48. However, in *Edwards* there were allegations that the defendant made representations known by it to be false to induce the plaintiff to forbear suing the Superior Coal Corp. (which it controlled) within two years from the dissolution of the Coal Company for damages caused by subsidence of the surface of mineral lands. Reliance on the alleged

misrepresentation to the detriment of Edwards therein existed throughout the limitations period. Here, the plaintiffs were not entitled to rely upon the alleged misrepresentation of Linda McDowell after they were advised well within the limitation period of the misrepresentation of identity made by the driver, assuming plaintiffs' allegations to be true.

Plaintiffs also have suggested that we apply the "discovery rule" to the determination of the time when plaintiffs cause of action accrued, in accordance with *Rozny v. Marnul* (1969), 43 Ill.2d 54, 69. Thus, they urge that if the five year statute of limitations is inapplicable, yet the two year limitations period should run from the date of Alice McDowell's answer which was filed on December 21, 1967 and set forth that she was the wrong party. On their theory, the complaint which added Linda McDowell as the party defendant, which was filed on February 27, 1970, would be within the two year period. We do not believe that *Rozny* can be authority for the application of the "discovery rule" to the circumstances of this case or that it is intended to apply when the gist of the action is the alleged concealment of the identity of the proper party defendant, as distinguished from concealment of the injury.

Here, plaintiffs knew of their cause of action and had the information available to them, which with reasonable diligence in this case would have led to the identity of the proper person against whom to bring the action, in ample time to have avoided the bar of the statute of limitations.

The judgments below are, therefore, affirmed.

Judgments affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.