DONALD NICKELS, Plaintiff-Appellant, v. CHRISTINE REID, Defendant-Appellee (Patricia Villareal, Defendant).

First District (2nd Division)    No. 1—94—1308

Opinion filed January 30, 1996.

Mulae & Gelsomino, of Chicago (Mary D. Aversano, Paul M. Mulae, and Robert M. Gelsomino, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Julie L. Trester and Michael Resis, of counsel), for appellee.

JUSTICE BURKE delivered the opinion of the court:

Plaintiff Donald Nickels appeals from the circuit court's order granting defendant Christine Reid's (Reid's) motion to dismiss plaintiff's second amended complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619 (now 735 ILCS 5/2—619 (West 1992))). On appeal, plaintiff contends that the trial court erred in: (1) granting Reid's motion to dismiss because a question of fact existed as to whether Reid was equitably estopped to assert a statute of limitations defense; and (2) finding that plaintiff's second amended complaint did not relate back to the date of the filing of his original complaint. We affirm.

According to plaintiff, on November 9, 1989, he was traveling in

a westerly direction on Dempster Street in Niles, Illinois, and was stopped at an intersection when his vehicle was struck from behind. Plaintiff asked the other driver for her name and automobile insurance information. The driver, later identified as Reid, gave him the names of Patricia Villareal (Villareal) and State Farm. Plaintiff contacted State Farm, brought his automobile to it for an estimate of damages and subsequently received $60 from State Farm for those damages. Thereafter, plaintiff's attorneys had various conversations with David Tones, the State Farm claims specialist assigned to the "Villareal" file, regarding a possible settlement for his claim of personal injuries. According to plaintiff, State Farm, through Tones, never indicated in its correspondence with plaintiff's attorneys that Reid, whose automobile was also insured by State Farm, was in fact the driver of the automobile that collided with plaintiff's automobile.

On May 1, 1991, plaintiff, who had not received a settlement offer from State Farm, filed a complaint against Villareal. On June 6, 1991, Villareal filed her answer, denying that she was in "the use, possession, operation and control" of a motor vehicle which struck plaintiff's vehicle and that her vehicle had "collided with" plaintiff's vehicle. On August 12, 1991, plaintiff served interrogatories on Villareal. On December 24, 1991, Villareal answered plaintiff's interrogatories. In response to interrogatory numbers 1, 2, 4 and 11, Villareal stated as follows:

"1. State the full name and address of the defendant answering ***.

ANSWER:     Patricia Villareal
            9112 West Algonquin Road
            Huntley, Illinois

2. State the full name and address of each person who witnessed or claims to have witnessed the occurrence alleged in the complaint.

ANSWER:     The Plaintiff
            Chris Reid, 9112 Algonquin Rd.,
            Huntley, Ill. 60142

* * *

4. Were you the owner or driver of any vehicle involved in said occurrence? ***

ANSWER:     Owner ***.

* * *

11. Do you have statements from any witness(es) other than yourself ***. If so, give the name and address of each such witness(es) *** and state whether such statement was written or oral.

ANSWER: No."

Plaintiff was deposed on February 10, 1992. He stated that he and the driver of the automobile which struck his vehicle "exchanged insurance information," that the driver (Reid) gave him a piece of paper with the names Patricia Villareal and State Farm written on it, that Reid did not "say anything" as to whether the name on the paper was hers or the name of the owner of the vehicle, that he had not given the piece of paper to his attorney but that he "believe[d]" he still had it, and that he could not remember if he gave the driver the same information that she had given him.

On July 20, 1992, plaintiff's attorney deposed Patricia Villareal and Christine Reid. Villareal stated that Reid was her roommate and that Reid had borrowed her car and was driving it at the time of the accident. Villareal had loaned the automobile to Reid for Reid's personal affairs. Villareal learned of the accident when Reid returned home the following afternoon. Reid told Villareal that she had "gently bumped" into another car and reported the accident to her insurance company. Both Villareal and Reid had policies with State Farm.

Reid stated in her discovery deposition that she, not Villareal, had been driving Villareal's vehicle when the accident occurred. In response to a question concerning the information Reid gave plaintiff after the accident, Reid stated:

"A. The information I gave him was of two types on one piece of paper. I gave him my name, my address, my driver's license number.

I also gave the license plate number of the vehicle and the insurance that corresponded with that vehicle, which was in Patricia Villareal's name.

\* \* \*

Q. Did you tell him that you weren't the owner of the vehicle that you were driving that morning?

A. I don't remember. I believe I did, because I needed to explain the two names on the piece of paper.

\* \* \*

Q. Do you ever remember telling him that Patricia Villareal was, in fact, the owner of the vehicle that you were driving on that day?

A. I do not remember specifically, but as I said before, I believe that I must have said that when I was explaining why there were two names on the piece of paper.

I clearly specified that I was the driver."

On August 25, 1992, plaintiff filed a first amended complaint, alleging that Reid, not Villareal, was the other driver involved in the

accident. Plaintiff alleged further that Villareal negligently maintained her vehicle in that the car brakes were defective and that Villareal was vicariously liable for Reid's negligence based on an agency theory. Plaintiff did not name Reid as a defendant in this complaint and sought recovery only from Villareal. Villareal answered the complaint, denying the existence of an agency relationship and denying all allegations of wrongdoing, including her denial, once again, that she was the operator of the vehicle involved in the collision. Villareal did admit "that a collision occurred."

On June 22, 1993, Villareal filed a motion for summary judgment. On July 30, plaintiff filed a response to the motion and also moved to file a second amended complaint. The court granted plaintiff's motion, and plaintiff filed his second amended complaint on September 24, 1993, which named Reid as a defendant for the first time. The allegations against Villareal remained the same. On November 13, the trial court granted Villareal's motion for summary judgment and dismissed the counts pertaining to Villareal in plaintiff's second amended complaint based on its findings that no genuine issue of material fact existed as to the alleged defect in Villareal's car brakes and that no agency relationship existed between Villareal and Reid.[1]

On December 17, 1993, Reid filed a motion to dismiss plaintiff's claims against her, arguing that those claims were time-barred because plaintiff failed to bring them within the two-year statute of limitations applicable to personal injury claims, i.e., plaintiff did not name her as a defendant until September 24, 1993, and the statute of limitations expired on "November 9, 1991." In his response to Reid's motion, plaintiff argued that Reid was estopped from asserting a statute of limitations defense because of conduct by Reid, State Farm and their attorneys in allegedly concealing the fact that Reid was the other driver involved in the accident. Plaintiff further argued that his second amended complaint naming Reid as a defendant "related back" to the date of his original complaint filed against Villareal.

On March 16, 1994, the trial court granted Reid's motion to dismiss, holding that plaintiff's action against Reid was time-barred. The trial court stated that any facts giving rise to an equitable estoppel claim had ceased to operate as a matter of law on July 20, 1992, when plaintiff allegedly learned for the first time during Reid's and

---

[1]Plaintiff appealed the trial court's order granting summary judgment in favor of Villareal, and we affirmed on March 28, 1995. *Nickels v. Villareal*, 269 Ill. App. 3d 1117 (1995) (unpublished order under Supreme Court Rule 23).

Villareal's depositions that Reid was the other driver involved in the accident. The court further stated that even if plaintiff may have been able to assert equitable estoppel against Reid on July 20, 1992, his actions in filing his first amended complaint without naming Reid as a defendant and waiting until he filed his second amended complaint to name her, 14 months thereafter, could not support his estoppel argument because all the alleged misconduct of Reid, State Farm and their attorneys occurred prior to July 20, 1992. The trial court further remarked that plaintiff failed to offer any explanation why he delayed more than one year to name Reid as a defendant once he conclusively learned that she was the other driver involved in the accident. The trial court also held that plaintiff had not satisfied the requirements of section 2—616(d) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d) (now 735 ILCS 5/2—616(d) (West 1992))) with respect to the relation back of amendments to an original complaint because plaintiff failed to satisfy subsections (2) and (3) of that section, requiring that plaintiff's failure to name Reid as a defendant was inadvertent and that he served Reid with summons prior to the expiration of the statute of limitations. This appeal followed.

Plaintiff first argues that the trial court erred in granting Reid's motion to dismiss because a genuine question of material fact existed as to whether Reid was equitably estopped to assert a statute of limitations defense. Plaintiff's argument turns on the alleged "misrepresentation/concealment" by Reid, State Farm and their attorneys of the fact that Reid was the driver of the automobile that struck plaintiff's vehicle. Reid argues that the trial court properly dismissed plaintiff's complaint against her because plaintiff had notice he had incorrectly named the driver, based on Villareal's answer to plaintiff's original complaint denying that Villareal was the other driver, prior to the expiration of the statute of limitations period. Reid further argues that plaintiff should have known, based on Villareal's answers to plaintiff's interrogatories, filed after the expiration of the statute of limitations, that Villareal was not the driver.

■ Absent an abuse of discretion, a reviewing court will not reverse a motion to dismiss granted by a trial court. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422, 430 N.E.2d 976.) It is also well settled that a party will not be equitably estopped from asserting a statute of limitations defense where a plaintiff fails to show that: "(1) defendant has made some misrepresentation or concealment of a material fact; (2) defendant had knowledge, either actual or implied, that the representations were untrue at the time they were made; (3) plaintiff was unaware of the untruth of the representations both at the time made and the time they were acted upon; (4)

defendant either intended or expected his representations or conduct to be acted upon; (5) plaintiff did in fact rely upon or act upon the representations or conduct; and (6) plaintiff has acted on the basis of the representations or conduct such that he would be prejudiced if defendant is not estopped." (*Strom International, Ltd. v. Spar Warehouse & Distributors, Inc.* (1979), 69 Ill. App. 3d 696, 703, 388 N.E.2d 108.) A plaintiff must have had no knowledge or means of knowing the true facts within the applicable statute of limitations. (*Lissner v. Michael Reese Hospital & Medical Center* (1989), 182 Ill. App. 3d 196, 207, 537 N.E.2d 1002, *appeal denied* (1989), 127 Ill. 2d 619.) "A party claiming the benefit of an estoppel cannot shut his eyes to obvious facts, or neglect to seek information that is easily accessible, and then charge his ignorance to others." *Vail v. Northwestern Mutual Life Insurance Co.* (1901), 192 Ill. 567, 570, 61 N.E. 651.

Here, we agree with the trial court that Reid was not estopped from asserting a statute of limitations defense. We disagree with the trial court, however, that July 20, 1992, when plaintiff alleges he first became aware that Reid was the driver, was the date on which the facts giving rise to an equitable estoppel claim ceased to operate as a matter of law. Rather, we find the operative date to be June 6, 1991, when Villareal filed her answer to plaintiff's original complaint, denying that she was the driver of the automobile that struck plaintiff's vehicle. See *Brown v. Chicago Park District* (1991), 218 Ill. App. 3d 612, 615, 578 N.E.2d 999; *Santa Claus Industries, Inc. v. First National Bank* (1991), 216 Ill. App. 3d 231, 236, 576 N.E.2d 326 (an appellate court may affirm the dismissal of a complaint pursuant to section 2—619 on any grounds that are supported by the record, regardless of whether the trial court relied on those grounds).

*Solt v. McDowell* (1971), 132 Ill. App. 2d 864, 272 N.E.2d 53, which Reid did not cite at the hearing on her motion to dismiss but which she cites on appeal, is dispositive of this issue. In *Solt*, the plaintiffs originally filed a negligence action against Alice McDowell for injuries sustained in an automobile accident. The plaintiffs alleged that the driver of the automobile which struck their vehicle represented that she was Alice McDowell and displayed a driver's license bearing that name at the scene of the accident. Eight months prior to the tolling of the two-year statute of limitations, Alice McDowell filed an answer to the plaintiffs' complaint, denying that she was operating the car that struck the plaintiffs' vehicle and that a car operated by her had been involved in the collision. She subsequently filed a motion for summary judgment, which the trial court granted. The plaintiffs sought to vacate the order dismissing their complaint against Alice and to add Linda McDowell, Alice's daugh-

ter, as a defendant, alleging that they had not discovered that Linda had been the other driver involved in the accident until a deposition was taken after the expiration of the statute of limitations. The trial court denied the plaintiffs' motion.

The plaintiffs ultimately filed a separate action against Linda, asking for damages for deceit and alleging that Linda fraudulently misrepresented that the driver's license and insurance card in the name of Alice, which she presented to the plaintiffs at the accident scene, were hers. Linda filed a motion to dismiss, arguing that the plaintiffs' action was barred by the two-year statute of limitations. In support of her motion, Linda attached her affidavit setting forth as an affirmative matter that she had exhibited her own driver's license to the plaintiffs and, while she had her mother's insurance identification card, she had explained to the plaintiffs that the "Alice" shown on that card was not her but her mother. The trial court granted Linda's motion.

On appeal, the *Solt* court affirmed the trial court's judgment as to Alice, stating that Alice's answer to the plaintiffs' complaint, denying that she was involved in the accident, "was sufficient to put plaintiffs on notice that an inquiry into the true identity of the driver was required." (*Solt*, 132 Ill. App. 2d at 866.) The *Solt* court also affirmed the trial court's judgment as to Linda, rejecting the plaintiffs' argument that Linda had fraudulently concealed her identity and, therefore, that the five-year statute of limitations was applicable. More specifically, the *Solt* court stated:

> "If a party discovers, or could by the exercise of reasonable diligence discover, that purported representations are false, at a time when a reasonable period remains within the applicable statute of limitations, *** *the defendant will not be estopped from asserting the statute of limitations as a defense.* [Citations.] *In these circumstances, reliance can no longer be placed upon the alleged misrepresentation.* The damages then result from the neglect to proceed upon the correct information which is available in due time. [Citations.]
> ***
> *** Here, the plaintiffs were not entitled to rely upon the alleged misrepresentation of Linda McDowell after they were advised well within the [two-year] limitation period of the misrepresentation of identity made by the driver, assuming plaintiffs' allegations to be true." (Emphasis added.) (*Solt*, 132 Ill. App. 2d at 867-68.)

The *Solt* court found that the plaintiffs could have ascertained the true identity of Linda after they learned that Alice had not been the

driver within the eight-month period prior to the tolling of the statute of limitations.

In the case at bar, like the factual situation in *Solt*, on June 6, 1991, Villareal answered plaintiff's complaint, five months prior to the expiration of the statute of limitations, denying that she was the driver of the car that struck plaintiff's car and that "[her] vehicle collided with the vehicle being operated by the plaintiff." Plaintiff claimed he was not aware that Reid was the driver of the vehicle that struck his vehicle until Villareal's and Reid's depositions, which occurred after the expiration of the statute of limitations. Plaintiff believed Villareal to be the driver because Reid misled him into believing that Villareal was the driver, and Reid only gave him Villareal's name and her insurance carrier. Reid testified at her deposition, however, that she in fact had given plaintiff both Villareal's name as the owner of the car and her own name, license number and insurance carrier.

■ Based on the foregoing facts, we find that if Reid made any misrepresentations to plaintiff that Villareal was the driver of the car that struck his car, plaintiff was made aware of the fact that Villareal was not the driver on June 6, 1991, when Villareal filed her answer denying that she was the driver. Villareal's answer thus was sufficient to put plaintiff on notice that an inquiry into the true identity of the driver was required, five months prior to the expiration of the statute of limitations, which, with the exercise of reasonable diligence, would have led to Reid's identity as the proper person against whom to bring his action.

We briefly note that plaintiff's attempt to distinguish *Solt* from the case at bar is without merit. Plaintiff argues that "unlike the instant case, no discovery was ever initiated by the plaintiff[s] in *Solt* to obtain additional information until *after* the statute of limitations had run on the plaintiff's [*sic*] claim," whereas in the instant case plaintiff did initiate discovery *prior* to the tolling of the statute of limitations. The discovery that plaintiff is referring to includes his attorneys' contacts with State Farm prior to the filing of his original complaint and to his interrogatories to Villareal.[2] However, we find that this discovery is of no consequence with respect to the application of *Solt* to the instant case. First, the fact remains that Villareal

---

[2]Based on plaintiff's opening brief, he served his interrogatories on Villareal on August 12, 1991, and Villareal answered them on December 24, 1991. Based on defendant Reid's responsive brief, Villareal served plaintiff with her interrogatories on June 6, 1991, and plaintiff answered them in January 1992.

filed her answer on June 6, 1991, denying that she was the driver of the other vehicle involved in the accident, which caused any alleged facts of misconduct by Reid, State Farm and their attorneys made *prior* to plaintiff's filing of his original complaint to cease as operative facts giving rise to an equitable estoppel claim. Moreover, notwithstanding that we have determined that June 6, 1991, was the operative date here, any alleged misleading statements made by Villareal in her answers to plaintiff's interrogatories, which were filed by Villareal *after* the expiration of the statute of limitations, also would have ceased to operate as a basis for an equitable estoppel claim, as the trial court correctly determined, as of July 20, 1992, when plaintiff conclusively knew Reid was the driver.

■ With respect to plaintiff's additional argument that the conduct of Reid, State Farm and their attorneys prevented him from discovering that Reid was the actual driver, we note that it is well settled that a claim of fraudulent concealment "must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of [a plaintiff's] cause of action; *mere silence of the defendant and failure by the plaintiff to learn of the cause are not sufficient.* (*Jackson v. Anderson* (1934), 355 Ill. 550, 557, 189 N.E. 924; *Chicago Park District v. Kenroy, Inc.*, 58 Ill. App. 3d 879, 886-87.) Even where this standard is met, [the fraudulent concealment statute] does not apply if the party affected by the fraud might, with *ordinary diligence*, have discovered it." (Emphasis added.) *Zagar v. Health & Hospitals Governing Comm'n* (1980), 83 Ill. App. 3d 894, 898, 401 N.E.2d 491.

■ Here, while plaintiff does not argue that the fraudulent concealment statute, allowing for a five-year statute of limitations, applies, he does argue that "Reid *et al.*" misrepresented and concealed Reid's driver status, allegations which we believe are akin to a claim of fraud and deceit. Under the standard of review for a claim of fraudulent concealment, plaintiff's argument is without merit. Plaintiff's claims are premised not on any affirmative acts or representations by "Reid *et al.*," but on their silence and on plaintiff's speculative interpretation of Villareal's answers to his interrogatories. Moreover, assuming *arguendo* that the alleged misconduct of "Reid *et al.*" was fraudulent, plaintiff failed to exercise ordinary diligence to discover Reid's driver status after Villareal answered, denying that she was the other driver involved in the collision.

We briefly note that plaintiff's reliance on *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 533 N.E.2d 885, *cert. denied* (1989), 492 U.S. 907, 106 L. Ed. 2d 568, 109 S. Ct. 3218, and *Shockley v. Ryder Truck Rental, Inc.* (1979), 74 Ill. App. 3d 89, 392 N.E.2d 675, is misplaced. In

both cases the plaintiffs failed to name the proper defendants prior to the expiration of the statute of limitations. The *Vaughn* and *Shockley* courts held that a genuine question of material fact on the issue of estoppel existed and reversed the trial courts and remanded for a determination on the issue of estoppel based on whether the plaintiffs in both cases *reasonably relied* on the representations and conduct of an insurance carrier (*Shockley*) and an insurance adjuster and an estate (*Vaughn*). However, in both cases we observe that neither of the defendants had filed answers to the plaintiffs' complaints, as here and in *Solt*, denying the allegations of wrongdoing prior to the expiration of the limitations period. We further observe that in both cases the plaintiffs acted promptly after the expiration of the limitations period in attempting to name the proper defendants (*Vaughn*—within three weeks; *Shockley*—within less than three months), unlike plaintiff here who waited 14 months after conclusively learning of Reid's identity.

Accordingly, we find that there was no abuse of discretion by the trial court in holding that Reid was not estopped from asserting a statute of limitations defense.

We also reject plaintiff's argument that the trial court abused its discretion in holding that his second amended complaint, which named Reid as a defendant for the first time, did not relate back to the date of his original complaint against Villareal pursuant to section 2—616(d) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d) (now 735 ILCS 5/2—616(d) (West 1992))).

■ The granting of a section 2—616 motion rests within the sound discretion of the trial court. A reviewing court should determine whether this discretion has been abused by asking whether the trial court's decision furthers the ends of justice. (*Shiner v. Friedman* (1987), 161 Ill. App. 3d 73, 79-80, 513 N.E.2d 862.) Section 2—616(d) provides that a plaintiff may amend pleadings to include defendants not originally named if he satisfies five conditions, which include, in pertinent part, that "(2) failure to join the person as a defendant was inadvertent" and "(3) service of summons was in fact had upon the person." (Ill. Rev. Stat. 1991, ch. 110, pars. 2—616(d)(2), (d)(3) (now 735 ILCS 5/2—616(d)(2), (d)(3) (West 1992)).) In the present case, the trial court found that plaintiff failed to satisfy these two requirements and, accordingly, held that section 2—616(d) was inapplicable.

Plaintiff concedes that he "arguably" did not comply with subsections (2) and (3). He contends, however, that based on "equitable estoppel principles" the trial court should have held that his second amended complaint related back to the date of his original complaint. More specifically, plaintiff states that his failure to serve Reid

with summons was a result of "the misleading conduct of Defendant Reid at the time of the accident, coupled with the subsequent conduct of State Farm's claim representative *** and that of State Farm's attorneys." Plaintiff also relies on his estoppel argument in support of his contention that his failure to name Reid as a defendant was inadvertent.

We reject plaintiff's estoppel argument for the same reasons stated above. Moreover, it is well settled that " '[i]nadvertence' means excusable ignorance, not excusable failure to act after the facts are discovered." (*Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 61, 176 N.E.2d 659.) The failure to name an individual as a defendant in a timely fashion is not inadvertent where a plaintiff is aware of the identity or existence of a defendant before the limitations period expires. (*Newey v. Newey* (1991), 215 Ill. App. 3d 993, 998, 576 N.E.2d 137, *appeal denied* (1991), 141 Ill. 2d 545.) Once a statute of limitations has expired, a plaintiff will not be excused from acting with reasonable diligence after he learns of sufficient facts to lead him to the identity of the proper defendant. *Behr v. Club Med, Inc.* (1989), 190 Ill. App. 3d 396, 403, 546 N.E.2d 751, *appeal denied* (1990), 129 Ill. 2d 561.

■ Here, plaintiff was on notice of the existence of another person as the driver of the car that struck his car based on Villareal's June 6, 1991, denial in her answer to plaintiff's complaint that she was the driver, five months *prior* to the expiration of the statute of limitations, as well as her similar denial in her answer to plaintiff's first amended complaint. Plaintiff also had sufficient facts which, with the exercise of reasonable diligence, would have led him to the identity of Reid as the driver of the car *after* the limitations period expired at the time Villareal answered plaintiff's interrogatories on December 24, 1991. Villareal had responded that she was the defendant answering the interrogatories and listed her Huntley, Illinois, address, which was immediately followed by her statement that Reid and plaintiff were witnesses to the accident and listed the same Huntley, Illinois, address for Reid. Villareal did not list herself as a witness in this response. Thereafter, in response to the question of whether she was the "owner or driver" of the vehicle involved in the accident, Villareal answered "Owner." Finally, it is undisputed that plaintiff actually knew that Reid was the other driver involved in the accident as of July 20, 1992, yet he filed his first amended complaint on August 25, 1992, alleging that Reid was the driver but without naming her as a defendant, and waited 14 months thereafter to name her as a defendant in his second amended complaint. Based on the foregoing, plaintiff's claims of inadvertence to name Reid as a defendant

prior to and after the expiration of the statute of limitations and to serve her with summons are without merit; plaintiff's actions show a lack of reasonable diligence in seeking the identity of the proper defendant. The ends of justice would not be served by ignoring plaintiff's failure to exercise reasonable diligence under the circumstances here.

We lastly observe that the cases relied on by plaintiff in support of his "relation back" argument are distinguishable from the case at bar. In *Shiner v. Friedman* (1987), 161 Ill. App. 3d 73, 513 N.E.2d 862, and *Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 488 N.E.2d 1111, where an amendment in each case was found to relate back, service was had upon the defendants in some capacity within the statute of limitations, albeit the incorrect one. Here, plaintiff never served Reid in any capacity during the statute of limitations period.

For the reasons stated, we affirm the order of the circuit court dismissing plaintiff's second amended complaint against defendant Reid.

Affirmed.

HARTMAN, P.J., and SCARIANO, J., concur.