2019 IL App (2d) 180250
No. 2-18-0250
Opinion filed June 21, 2019

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| RICHARD DOE, | ) | Appeal from the Circuit Court |
| | ) | of Kendall County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17-L-38 |
| | ) | |
| JOHN DENNIS HASTERT, | ) | Honorable |
| | ) | Robert P. Pilmer, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgenson and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Richard Doe, appeals the dismissal of his four-count complaint alleging battery, false imprisonment, negligent infliction of emotional distress, and intentional infliction of emotional distress arising from a sexual assault committed by defendant, John Dennis Hastert, when plaintiff was a child.   The trial court dismissed plaintiff's complaint, agreeing with defendant's assertion that plaintiff's cause of action was barred by the statute of limitations. Plaintiff argues that the trial court erred because the limitations period was delayed or tolled by (1) the discovery rule, (2) fraudulent concealment, (3) equitable estoppel, (4) equitable tolling, and (5) public policy.   For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     On May 26, 2017, plaintiff filed a complaint against defendant. Plaintiff's complaint contained four counts. Defendant filed a motion to dismiss (735 ILCS 5/2-619(a)(5) (West 2016)). The trial court dismissed the action, determining that plaintiff's claims were barred by the statute of limitations for personal-injury claims (*id.* § 13-202). Plaintiff filed a motion to reconsider, which the trial court denied.

¶ 4                                   A. Plaintiff's Complaint

¶ 5     The following facts are alleged in plaintiff's complaint and we accept them as true for purposes of our review of the ruling on defendant's motion to dismiss  See *Parks v. Kownacki*, 193 Ill. 2d 164, 167-68 (2000). During the spring or summer of 1973 or 1974, when plaintiff was 9 or 10 years old,[1] plaintiff was riding his bike along Game Farm Road. Plaintiff stopped at the Game Farm Building to use the bathroom. While plaintiff was in a bathroom stall, sitting on the toilet, he heard a male voice mutter something outside the stall door. Suddenly, the stall door opened and defendant entered the stall. Defendant's genitals were exposed. Defendant grabbed plaintiff by the neck, bent plaintiff over the toilet, and forcefully sodomized plaintiff. After the sexual assault, defendant left the bathroom. Plaintiff saw defendant's face at that time but did not recognize him.

¶ 6     Several weeks later, while plaintiff was in gym class at Yorkville Grade School, he saw a large man enter and walk toward the gym teacher. Plaintiff recognized the man as defendant. The sight of defendant caused plaintiff to shake and cry. Defendant spoke with the gym teacher and then defendant approached plaintiff. Defendant took plaintiff by the neck and led him into the hallway. In the hallway defendant dropped to his knees and asked plaintiff if he had told

---

[1] Plaintiff acknowledges that he was born in 1964; however, he does not reveal his birth date.

anyone about the assault. Plaintiff, still crying, said no. Defendant warned plaintiff against reporting the assault and threatened him, saying that defendant's father was the sheriff and that if plaintiff told anyone about the assault plaintiff's parents would be put in jail.

¶ 7    The events caused plaintiff severe mental and emotional distress, interfering with his daily life and preventing him from fully processing the sexual assault and the short- and long-term injuries caused by the assault. It was not until 1984 or 1985, when plaintiff was 20 or 21 years old, that he began to comprehend the scope of defendant's malevolent acts against him. At that time, plaintiff went to the Kendall County State's Attorney's Office, where he intended to report the crime. Plaintiff spoke with Kendall County State's Attorney Dallas C. Ingemunson. Unbeknownst to plaintiff, Ingemunson was an associate of defendant's. Ingemunson had been defendant's personal attorney, he and defendant were business partners in various ventures, and he played a prominent role in defendant's political career.

¶ 8    When plaintiff told Ingemunson what defendant had done to him, Ingemunson threatened to charge plaintiff with a crime and accused plaintiff of slandering defendant's name. "Upon information and belief [Ingemunson's] threats were intended to prevent plaintiff from discovering the full extent of the crimes committed against him" and were made for defendant's benefit. Ingemunson's threats caused plaintiff further mental and emotional distress. As a result, plaintiff was traumatized, repressed the sexual assault, and was intimidated into silence.

¶ 9    A short time thereafter, defendant was elected to the United States House of Representatives and, subsequently, became Speaker of the House. Defendant's prominence caused plaintiff to further withdraw and attempt to suppress his memories of the sexual assault. Defendant's position, coupled with the multiple threats against plaintiff and his family, intimidated plaintiff and precluded him from speaking with anyone regarding whether he might have a civil claim against defendant.

¶ 10    In May 2015, defendant was indicted and federal law enforcement officials stated that defendant was believed to have paid $1.7 million to conceal his sexual abuse of a former student. Shortly thereafter, news stories circulated regarding accusations of defendant's abuse of underage male students. When plaintiff learned of these stories, he began to fully understand what had happened to him, including that he might have a claim against defendant for his injuries.

¶ 11    Based on these facts, plaintiff alleged four counts of liability against defendant: battery, false imprisonment, negligent infliction of emotional distress, and intentional infliction of emotional distress.

¶ 12                              B. Defendant's Motion to Dismiss

¶ 13    On September 12, 2017, defendant filed a motion to dismiss under section 2-619(a)(5) of the Code of Civil Procedure (the Code) (*id.* § 2-619(a)(5)), alleging that plaintiff's claims were barred by the 2-year statute of limitations for personal-injury actions and by the 12-year statute of repose. The alleged abuse occurred in 1973 or 1974. Plaintiff turned 18 in 1982; however, he did not file a complaint until 2017, more than 30 years later. Defendant alleged that the complaint makes clear that plaintiff was aware of his claims in 1984 or 1985, after he had turned 18. Defendant also alleged that the discovery rule did not save plaintiff's claims, because he had actual knowledge of them in 1984 or 1985. Similarly, because nothing was concealed from plaintiff, his claims were not tolled under the theory of fraudulent concealment. Plaintiff alleged that he was aware of all the facts giving rise to his cause of action after he had turned 18. Finally, the statute of repose barred plaintiff's claims even if the statute of limitations did not, because plaintiff reached the age of 30 decades before he filed his complaint.

¶ 14    On October 10, 2017, plaintiff filed his response to defendant's motion to dismiss, alleging and arguing the following. The limitations period was tolled by the actions of defendant

and those acting on his behalf, under the theory of equitable estoppel. Plaintiff cited section 13-202.2(d-1) of the Code (*id.* § 13-202.2(d-1)) (the limitations period for childhood sexual abuse does "not run during a time period when the person abused is subject to threats, intimidation, manipulation, or fraud perpetrated by the abuser or by any person acting in the interest of the abuser")). Further, the statute of repose was repealed before plaintiff's claims were barred. The statute of repose for claims of childhood sexual abuse required claims to be brought before the victim's thirtieth birthday. Effective January 1, 1994, the statute of repose was repealed. Because plaintiff was born in 1964, the repose period had not run on his claims prior to the statute's repeal and, therefore, his claims were not barred.

¶ 15                          C. Plaintiff's Motion to Compel Discovery

¶ 16     On November 16, 2017, plaintiff filed a motion to compel discovery of defendant. Plaintiff alleged that defendant had failed to provide any responses to the written discovery requests that plaintiff issued on September 29, 2017. Rather, on October 27, 2017, defendant had provided objections to all of plaintiff's requests. Defendant asserted that discovery was premature, due to his pending motion to dismiss.

¶ 17                                D. Trial Court's Judgment

¶ 18     On November 20, 2017, the trial court dismissed plaintiff's complaint with prejudice, as barred by the statute of limitations. The trial court also ruled that plaintiff's motion to compel discovery was moot due to the court's order dismissing plaintiff's complaint. On December 20, 2017, plaintiff filed a motion to reconsider, which the trial court denied on February 27, 2018. On March 29, 2018, plaintiff filed his notice of appeal.

¶ 19                                      II. ANALYSIS

¶ 20                                   A. Standard of Review

¶ 21    Defendant's motion to dismiss plaintiff's complaint was brought pursuant to section 2-619(a)(5) of the Code (*id.* § 2-619(a)(5)).  When deciding a section 2-619 motion, a court accepts all well-pleaded facts in the complaint as true, and the court will grant the motion when it appears that no set of facts can be proved that would allow the plaintiff to recover.  *Moon v. Rhode*, 2016 IL 119572, ¶ 15.  Specifically, section 2-619(a)(5) provides that a defendant is entitled to a dismissal if the "action was not commenced within the time limited by law."  735 ILCS 5/2-619(a)(5) (West 2016).  We review *de novo* an order granting a section 2-619 motion. *Moon*, 2016 IL 119572, ¶ 15.

¶ 22                                    B. The Statute of Limitations

¶ 23    Plaintiff argues that, although he turned 18 in 1982, the trial court erred by dismissing his complaint, because the discovery rule delayed the limitations period.  Plaintiff contends that the period "did not start to run until 1984 or 1985, shortly before he visited the State Attorney's office.  That is when, as alleged in his complaint *** he began to discover his injuries and their relation to [defendant's] sexual assault on him as a child."  Defendant argues that the complaint is barred by the statute of limitations because plaintiff failed to file his complaint within two years of discovering that he had been sexually abused and that he had been harmed by that abuse.

¶ 24    Initially, we note that defendant claims that plaintiff has forfeited this issue because he failed to raise it in his response to defendant's motion to dismiss.  However, plaintiff raised the discovery rule during the hearing on the motion to dismiss.  Thus, plaintiff has not forfeited the issue.

¶ 25    To analyze plaintiff's argument that his claims were timely under the statute of limitations and the discovery rule, we must first determine which particular statute of limitations applies to plaintiff's claims.  We believe that the general statute of limitations applicable to personal-injury claims applies.

¶ 26    Prior to January 1, 1991, claims of personal injury resulting from childhood sexual abuse were governed by the two-year limitations period for personal-injury claims. 735 ILCS 5/13-202 (West 2016); *Clay v. Kuhl*, 189 Ill. 2d 603, 608 (2000). On January 1, 1991, the legislature adopted section 13-202.2 of the Code (Pub. Act 86-1346 (eff. Jan. 1, 1991)), which codified a two-year statute of limitations for childhood sexual abuse cases and incorporated the common-law discovery rule. *Wisniewski v. Diocese of Belleville*, 406 Ill. App. 3d 1119, 1173 (2011) (section 13-202.2 codifies the common-law discovery rule). Under the express terms of section 13-202.2(b), the two-year limitations period does not begin to run until the victim "discovers or through the use of reasonable diligence should discover" that the abuse occurred and that the abuse caused the personal injury. Ill. Rev. Stat. 1991, ch. 110, ¶ 13-202.2(b) (now 735 ILCS 5/13-202.2(b) (West 2016) (20-year limitations period)).

¶ 27    In the present case, however, if the limitations period expired on plaintiff's cause of action under the common-law discovery rule, it did so prior to the enactment of section 13-202.2(b) of the Code. Accordingly, in analyzing the timeliness of plaintiff's claims, we will apply the general statute of limitations applicable to personal-injury claims and the common-law discovery rule. See *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 409 (2009).

¶ 28    An action for personal injury must be filed "within 2 years next after the cause of action accrued." 735 ILCS 5/13-202 (West 2016). If the plaintiff is a minor, "he or she may bring the action within 2 years after the person attains the age of 18 years." *Id.* § 13-211.

¶ 29                    1. The Common-Law Discovery Rule

¶ 30    Under the common-law discovery rule, the limitations period begins to run when the party seeking relief both (1) knows or reasonably should know of his injury and (2) knows or reasonably should know that it was wrongfully caused. *Parks*, 193 Ill. 2d at 176. The limitations period begins running even if the plaintiff does not know that the misconduct was

actionable. *Id*. Whether the discovery rule applies is generally a question of fact but may be determined as a matter of law when the answer is clear from the pleadings. *Clay*, 189 Ill. 2d at 609-10.

¶ 31 In *Clay*, the plaintiff, born in 1964, admitted that she knew of the abuse when it occurred in the 1970s but alleged that she did not realize that her " 'sexual encounters' " with the defendant had caused her later psychological injuries until 1994. *Id*. at 605-06, 609. The plaintiff did not file suit until 1996, alleging that the discovery rule saved her otherwise untimely complaint. *Id*. at 609-10. The supreme court disagreed, holding that the plaintiff's complaint was untimely under the discovery rule. *Id*. at 610. The supreme court noted that the plaintiff alleged that she "was aware of the abuse as it occurred" and did not allege that "she repressed her memories of the abuse." *Id*. The court went on to hold that, because the allegations in the complaint "show that the plaintiff was always aware of the misconduct charged, and the absence of any contrary assertion that the plaintiff repressed memories of the abuse, we believe that the plaintiff's action must be considered untimely under the discovery rule." *Id*. The court rejected the claim that the plaintiff's alleged failure to fully discover the nature of her injuries was sufficient to delay the running of the limitations period. *Id*. at 611. The court held that "there is no requirement that a plaintiff must know the full extent of his or her injuries before suit must be brought under the statute of limitations." *Id*. Accordingly, the plaintiff's complaint was barred as untimely, because by the time she turned 18 in 1982 she knew of the abuse (which was tantamount to knowing that she was injured) and knew that her injury was wrongfully caused, but she did not file suit until 14 years later. *Id.* at 610-12.

¶ 32 Similarly, in *Parks*, the plaintiff alleged that the defendant sexually abused her when she was 15 through 18 years old, from 1970 through 1973. *Parks*, 193 Ill. 2d at 177. However, the plaintiff did not file her complaint until 1995, at least 22 years after she reached 18. *Id*. The

plaintiff did not allege that she did not remember that she had been abused; she alleged only that she failed to make the connection between her injuries and the abuse until 21 years later. *Id*. The supreme court held that the plaintiff's claims were time-barred. *Id*. at 178. The court reasoned that the "plaintiff was aware of both the cause and some injury" and that her alleged failure to understand the connection between the abuse and her other injuries did not delay the limitations period. *Id*.

¶ 33 Here, examining plaintiff's complaint, we conclude that his action is untimely under the discovery rule. The allegations in plaintiff's complaint make clear that plaintiff had sufficient information about his injury and its cause to require him to bring suit within two years after turning 18. Like the plaintiffs in *Clay* and *Parks*, plaintiff in this case did not allege that he did not remember the abuse, and the allegations in the complaint indicate that plaintiff was aware of the abuse as it occurred. See *id*. at 177; *Clay*, 189 Ill. 2d at 610. Plaintiff's complaint alleges that the abuse occurred when plaintiff was 9 or 10 years old, and plaintiff reached the age of majority in 1982. Therefore, plaintiff had until his twentieth birthday in 1984 to file a complaint. See 735 ILCS 5/13-211 (West 2016). However, he did not bring the present action until 2017, when he was approximately 53 years old.

¶ 34 Plaintiff's alleged failure to fully discover the nature of his injuries was insufficient to delay the running of the limitations period. "There is no requirement that a plaintiff must know the full extent of his or her injuries before suit must be brought under the applicable statute of limitations." *Clay*, 189 Ill. 2d at 611. "Accepting the plaintiff's argument in support of delayed discovery of the injury would improperly create a subjective standard by which accrual of a cause of action would have to be measured." *Id.* at 613; see also *Doe v. Carlson*, 2017 IL App (1st) 160536, ¶ 19 ("knowledge of injury is presumed where the victim was aware of the sexual abuse as it was occurring"). Given the allegations in plaintiff's complaint, which show that

plaintiff was always aware of the misconduct charged, and the absence of any assertion that he repressed memories of the abuse, plaintiff's action must be considered untimely under the discovery rule.

¶ 35    Plaintiff cites *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029 (1994), to support his argument that the discovery rule applies.  In *D.P.*, the plaintiffs alleged that, although they were aware that their father had sexually abused them as minors, they were unaware of the connection between their psychological symptoms and the abuse until they were 26 and 28 years of age**.**  The appellate court held that in child sex abuse cases the discovery rule applies to the belated discovery of the connection between the abuse and the injuries.  However, given the later holdings of our supreme court in *Parks* and *Clay*, *D.P.* is not controlling here.  See *Parks*, 193 Ill. 2d at 178 (the plaintiff's alleged failure to understand the connection between the abuse and her injuries did not delay the limitations period); *Clay*, 189 Ill. 2d at 613 (the plaintiff did not need to know the full extent and cause of her injuries before the limitations period began to run).

¶ 36    Next, plaintiff contends that the limitations period was tolled until May 2015, when news of defendant's alleged molestation of another child became public, due to fraudulent concealment, equitable estoppel, equitable tolling, and public policy.  We will discuss each issue in turn.

¶ 37                                    2. Fraudulent Concealment

¶ 38    Plaintiff argues that defendant fraudulently concealed plaintiff's injuries and claims. Defendant argues that plaintiff has forfeited his fraudulent-concealment argument because he did not raise it in either his response to defendant's section 2-619 motion to dismiss or his motion for reconsideration.  We agree with defendant that plaintiff forfeited this argument by failing to raise it in the trial court.  See *Guarantee Trust Life Insurance Co. v. Kribbs*, 2016 IL App (1st)

160672, ¶ 47 (a party who does not raise an issue in the trial court forfeits the issue and may not raise it for the first time on appeal).

¶ 39                                      3. Equitable Estoppel

¶ 40    To support a claim of equitable estoppel sufficient to toll a limitations period, a plaintiff must show that (1) the other parties misrepresented or concealed material facts, (2) the other parties knew when making the representations that they were not true, (3) the plaintiff did not know that the representations were untrue when they were made and when the plaintiff relied on the representations, (4) the other parties intended or reasonably anticipated that the plaintiff would base his or her decision whether to act on the representations, (5) the plaintiff reasonably relied on the representations in good faith and to his or her detriment, and (6) the plaintiff would be prejudiced by the reliance on the representations if the other parties deny their truth. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 82-83 (2006). To claim the benefit of equitable estoppel, a plaintiff must have had no knowledge or means of knowing the true facts, within the applicable limitations period. *Nickels v. Reid*, 277 Ill. App. 3d 849, 856 (1996). Further, the "party claiming the benefit of estoppel cannot shut his eyes to obvious facts, or neglect to seek information that is easily accessible, and then charge his ignorance to others." *Bank of New York v. Langman*, 2013 IL App (2d) 120609, ¶ 26,

¶ 41    Plaintiff contends that the limitations period was tolled by the doctrine of equitable estoppel based on the misrepresentations of defendant. Plaintiff alleged that defendant threatened him once, "several weeks" after the sexual assault, when plaintiff was 9 or 10 years old, in 1973 or 1974. Plaintiff did not allege that he had any other contact with defendant after 1974. However, nothing prevented plaintiff from learning the true facts in 1982 when he reached the age of 18. Accordingly, equitable estoppel does not apply, because plaintiff had

ample time to file his action before the statutory deadline. See *Kheirkhahvash v. Baniassadi*, 407 Ill. App. 3d 171, 182 (2011).

¶ 42    Plaintiff also contends that the limitations period was tolled by the doctrine of equitable estoppel based on the misrepresentations of Ingemunson. Defendant counters that Ingemunson's alleged threat does not support plaintiff's assertion of equitable estoppel, because Ingemunson is not a party.

¶ 43    The common-law doctrine of equitable estoppel parallels the fraudulent-concealment statute (735 ILCS 5/13-215 (West 2016)). *Mauer v. Rubin*, 401 Ill. App. 3d 630, 648 (2010). Under that statute, the fraudulent action of a person other than the defendant may toll the limitations period only if the other person was an agent or in privity with the defendant and the defendant knew or approved of the fraudulent action. *Cangemi v. Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 461 (2006) (" ' "The fraudulent concealment must have been that of the party sought to be charged, and a mere allegation of proof that it was the act of his agent will not be sufficient, unless he is in some way shown to have been instrumental in or cognizant of the fraud" ' ") (quoting *Wood v. Williams*, 142 Ill. 269, 280-81 (1892), quoting Horace G. Wood, Wood on Limitations, § 276 (1882))); see also *Chicago Park District v. Kenroy Inc.*, 78 Ill. 2d 555, 563 (1980) (citing *Wood*, 142 Ill. at 280-81, with approval).

¶ 44    This same principle has been applied to the doctrine of equitable estoppel. For example, in *Barbour v. South Chicago Community Hospital*, 156 Ill. App. 3d 324 (1987), the plaintiff sued the defendant hospital alleging that, while she was a patient receiving an abortion, a tubal ligation was also performed, without her consent or knowledge. *Id*. at 325. The plaintiff contended that the hospital was equitably estopped from raising a statute-of-limitations defense, because the hospital's agents—a doctor and a nurse—fraudulently concealed the cause of action

by telling the plaintiff that she was still fertile and providing her with birth control. *Id*. at 326. The appellate court stated:

"Under Illinois law, a principal is not estopped from raising the statute of limitations as a defense unless the principal knew, or participated in, the concealment alleged to have been committed by the agent." *Id*. at 330 (citing *Wood*, 142 Ill. at 280-81, and *Kenroy*, 78 Ill. 2d at 563.

The court then noted:

"[The plaintiff] does not allege that the hospital's board of directors knew of the alleged conspiracy nor does [the plaintiff] claim that any other department chief was aware of the alleged conspiracy. Instead, [the plaintiff] attempts to hold the hospital, as principal, liable for an agent's alleged concealment of a cause of action. However, Illinois courts, including the supreme court, have refused to expand the doctrine of equitable estoppel *** to include an unknowing principal." *Id.* at 330-31 (citing *Wood*, 142 Ill. 269, and *Kenroy*, 78 Ill. 2d 555.

¶ 45    Here, plaintiff alleged that in 1984 or 1985 he visited Ingemunson to "report the crime" and that Ingemunson threatened to charge plaintiff with a crime and accused him of slandering defendant. Plaintiff fails to allege that defendant knew of Ingemunson's alleged threat or accusation. Because defendant could be, at best, an unknowing principal, the doctrine of equitable estoppel does not apply to toll the limitations period. See *id.* (citing *Wood*, 142 Ill. 269, and *Kenroy*, 78 Ill. 2d 555.

¶ 46                                    4. Equitable Tolling

¶ 47    Plaintiff also argues that his claims were timely because equitable tolling tolled the limitations period, due to defendant's and Ingemunson's false threats. Defendant argues that plaintiff forfeited this issue because he raised it only in a footnote in his response to defendant's

motion to dismiss. However, plaintiff also raised his equitable-tolling argument during the hearing on defendant's motion to dismiss. Accordingly, we determine that plaintiff did not forfeit this issue.

¶ 48 "Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay*, 189 Ill. 2d at 614. " 'Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence.' " *American Family Mutual Insurance Co. v. Plunkett*, 2014 IL App (1st) 131631, ¶ 32 (quoting *Thede v. Kapsas*, 386 Ill. App. 3d 396, 403 (2008)).

¶ 49 Here, plaintiff does not contend that, after he reached the age of majority, defendant misled him or otherwise attempted to prevent him from asserting his rights in a timely manner. Further, Ingemunson's alleged false threats, which might have occurred before plaintiff turned 20, did not constitute an extraordinary barrier that prevented him from filing his lawsuit. See *Clay*, 189 Ill. 2d at 614. Instead, plaintiff was "prevented" from filing his lawsuit only by his own failure to obtain legal advice. This is not the sort of extraordinary situation in which equitable tolling applies.

¶ 50 Plaintiff cites *Ralda-Sanden v. Sanden*, 2013 IL App (1st) 121117, to support his argument that equitable tolling applies here. In *Ralda-Sanden*, the plaintiff filed a complaint under the Illinois Parentage Act of 1984 (750 ILCS 45/1 *et seq.* (West 2010)) to establish paternity nearly two years after the expiration of the limitations period. The complaint was dismissed under section 2-619 of the Code. *Ralda-Sanden*, 2013 IL App (1st) 121117, ¶¶ 17-18. On appeal, the plaintiff argued that the limitations period should be equitably tolled because she

had not discovered that her putative father was alive until July 2011, three months before she filed her complaint. *Id.* ¶ 18. The appellate court agreed, reasoning that the uncontroverted affidavits of the plaintiff and her mother established that the plaintiff's mother withheld information concerning the plaintiff's putative father, due to his violent behavior and his threats to kill the mother and her family. *Id.* ¶ 25. Accordingly, the court found that an extraordinary barrier prevented the plaintiff from asserting her rights and that the limitations period should therefore be equitably tolled. *Id.* ¶ 26.

¶ 51 In this case, defendant's alleged abuse and threats ended when plaintiff was 9 or 10 years old, long before defendant reached the age of 18, and Ingemunson's alleged threats occurred when plaintiff was 20 or 21 years old. Nothing prevented plaintiff from filing a complaint within the limitations period, between the ages of 18 to 20. Thus, this case is distinguishable from *Ralda-Sanden*.

¶ 52                                    5. Public Policy

¶ 53 Plaintiff urges this court to ignore the applicable statute of limitations because it is against public policy. We disagree.

¶ 54 Statutes of limitations are legislative enactments that afford plaintiffs a reasonable time to present their claims and protect defendants and courts from having to deal with stale claims "in which the search for truth may be seriously impaired by the loss of evidence; whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise. [Citations]." *United States v. Kubrick*, 444 U.S. 111, 117 (1979); see also *Softcheck v. Imesch*, 367 Ill. App. 3d 148, 157 (2006).

¶ 55 In this case, plaintiff's claims were barred by the applicable statute of limitations on plaintiff's twentieth birthday in 1984. At that time, defendant had a vested right to invoke the statute of limitations as a defense to plaintiff's cause of action. See *M.E.H. v. L.H.*, 177 Ill. 2d

207, 214-15 (1997). That right cannot be taken away without offending the due process protections of our state's constitution. *Id*. at 215; see also *Clay*, 189 Ill. 2d at 609 ("under Illinois law, the barring of an action by a statute of limitations creates a vested right in favor of the defendant, and the action cannot later be revived").

¶ 56 The legislature's purposes in enacting statutes of limitations are legitimate, and defendant has a vested right to invoke the applicable statute as a defense to plaintiff's claims. "This is no less true where the tort alleged, as here, is particularly loathsome." *Softcheck*, 367 Ill. App. 3d at 157.

¶ 57                                III. CONCLUSION

¶ 58 For the reasons stated, we affirm the trial court's judgment.

¶ 59 Affirmed.