## HENRY S. VAIL

*v.*

### THE NORTHWESTERN MUTUAL LIFE INSURANCE CO.

*Opinion filed October 24, 1901—Rehearing denied December 5, 1901.*

192    567
194    ¹587
192    567
208    ¹386
192    567
e215   ³569

1. EVIDENCE—*if contract binds agent, extrinsic evidence is not admissible to make it bind principal.* If the terms of a contract between the general agents of an insurance company and a third person, concerning commissions payable to the latter for turning them insurance, clearly bind the general agents, evidence is not admissible to show that it was intended to bind the insurance company.

2. ESTOPPEL—*elements of estoppel by reason of silence or fraud.* To constitute an estoppel by reason of silence or fraud it must be a silence when there is a duty to speak, or false representation with a fraudulent purpose and a fraudulent result.

3. SAME—*party cannot shut his eyes to obvious facts and charge his ignorance to others.* A party desiring to claim the benefit of an estoppel cannot shut his eyes to obvious facts or neglect information easily obtainable, and then charge his ignorance to others.

*Vail* v. *Northwestern Mutual Life Ins. Co.* 92 Ill. App. 655, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

ARND & ARND, for appellant.

HOYNE, O'CONNOR & HOYNE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of assumpsit brought by the appellant in the superior court of Cook county, against the appellee, to recover, as commissions, five per cent of the renewals of certain contracts of insurance placed with appellee. At the close of the plaintiff's evidence the court instructed the jury to return a verdict in favor of the defendant, upon which a judgment was rendered, which has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

On the trial of the case an instrument in writing, bearing date January 2, 1888, also certain conversations had by appellant with the officers and agents of appellee, and certain letters written by appellant and the officers and agents of appellee, prior as well as subsequent to the execution of said instrument in writing, were offered in evidence and excluded by the court, and the ruling of the court in the exclusion of such testimony is mainly relied upon by the appellant for a reversal of this cause.

The instrument in writing offered in evidence is in the form of a letter addressed to the appellant, and signed "Dean & Payne, General Agents for Illinois," containing a proposition from Dean & Payne to accept all desirable life insurance which the appellant might wish to offer the appellee during the next five years, which insurance was to be placed through Dean & Payne with appellee, for which they were agents, the same to be approved and accepted by the appellee, and that under certain

special conditions there should be paid to appellant, in addition to his cash commissions, a renewal commission of five per cent on ten renewals as same are paid to the company, "providing Dean & Payne, or either of them, receive said commission from said company," which was accepted by the appellant. This instrument contains a number of provisions and conditions and is quite lengthy and somewhat involved, but when read as a whole, it clearly appears therefrom that it was a contract between appellant and Dean & Payne, and not between appellant and appellee, and that the relation which appellant bore to appellee was only that of a sub-agent under Dean & Payne. The terms of said agreement being plain and unambiguous as to who was intended to be bound by it, cannot be varied, contradicted or enlarged, as extrinsic evidence can only be introduced to explain the intention of the parties to a written instrument when from the instrument itself there is doubt as to the intention of the parties who should be bound thereby. In *Ohio and Mississippi Railroad Co.* v. *Middleton*, 20 Ill. 629, on page 634 the court say: "If, from the agreement itself, it clearly appears that the intention was to bind the agent and not the principal, the agent is held to be liable. But when, from the whole instrument, there is doubt whether it was the intention to bind the principal or the agent, courts have held that extrinsic evidence may be received to ascertain the intention." The court, therefore, did not err in excluding said testimony.

It is further contended that appellee is estopped from denying its liability because it knew that Dean & Payne's contract as general agents expired in August, 1894, and was silent as to that fact, while appellant's contract contemplated the payment of commissions on renewals for a period extending beyond that date. This contention, in effect, concedes that the contract in question was the contract of Dean & Payne, and not the contract of the appellee.

The essential elements of an estoppel *in pais* are wanting in this case. Not only does it not appear that appellee used means to deceive appellant or to conceal from him the facts in regard to its contract with Dean & Payne, but it does not even appear that it or its officers with whom appellant had interviews in regard to his proposed contract were aware of the fact that he was ignorant of the terms and conditions of Dean & Payne's general agency. When an estoppel is claimed by reason of silence or fraud, it must be silence when there is a duty to speak, or it must be a case of false representation "with a fraudulent purpose and a fraudulent result." In *Holcomb* v. *Boynton,* 151 Ill. 294, on page 300 it is said: "As we understand the doctrine of estoppel *in pais,* it is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant it must appear that the person against whom it is invoked has, by his words or conduct, caused him to believe in the existence of a certain state of things and induced him to act upon that belief." If appellant was ignorant of the terms of Dean & Payne's contract it was his own fault. A party claiming the benefit of an estoppel cannot shut his eyes to obvious facts, or neglect to seek information that is easily accessible, and then charge his ignorance to others. There is no evidence here justifying the conclusion that the appellee, or its officers or agents, willfully misled or imposed upon appellant in any way, or knew of his ignorance of anything bearing upon his action.

From an examination of this record, we are of the opinion that the contract in question was made with Dean & Payne, and that the doctrine of estoppel does not apply. The judgment, therefore, of the Appellate Court will be affirmed.                *Judgment affirmed.*