## Louis Beasley et al., Appellees, v. American Surety Company, Appellant.

1. ESTOPPEL—*notice of suspicious circumstance as preventing application of doctrine.* A surety, sued on an appeal bond, cannot defend on the ground that the judgment creditor was estopped from collecting the judgment because of his canceling it on the record and thus leading the surety to return to the judgment debtor bonds taken as security, where the surety had been informed before such return that the check given by the debtor to get the judgment satisfied was not paid, a fact so suspicious that the surety could no longer reasonably rely on the judgment record.

2. APPEAL AND ERROR—*insufficiency of payment by dishonored check to release bond.* Satisfaction of a judgment on the record or receipt of a check which is afterwards dishonored will not operate to release a surety on an appeal bond from the claims of the judgment creditor.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927.

C. E. POPE and H. F. DRIEMEYER, for appellant.

LOUIS BEASLEY, DAN McGLYNN, JR., BEASLEY & ZULLEY and McGLYNN & McGLYNN, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Mike Murgic recovered a judgment in the city court of East St. Louis against Fort Dearborn Casualty Underwriters on the 18th day of December, 1924, for the sum of $5,000. The defendant therein prayed and perfected an appeal to this court, and the present appellant became a surety upon the appeal bond. Some time after the rendition of the judgment aforesaid Mr. Murgic assigned the judgment to the appellees in the present case. The assignment was filed in the office of the clerk of the city court and was noted upon the judgment docket.

Appellees, as assignees of the judgment, sued the appellant upon the appeal bond. Appellant's sole defense was estoppel which it pleaded specially. The plea was to the effect that before appellant would execute the appeal bond sued on, it required the judgment debtor to deposit with it certain school bonds of the value of more than $5,000 to protect it against its liability on the bond; that on March 15, 1926, appellees indorsed a satisfaction in full upon the record of the judgment mentioned in the appeal bond; that thereupon the judgment debtor presented to appellant a certified copy of the said indorsement and requested a return of the said school bonds; that appellant, relying upon said indorsement of satisfaction of the said judgment, returned the said school bonds to the judgment debtor on March 19, 1926; that by reason of the premises aforesaid appellees ought not to be heard to say that the said judgment has not been paid and that they should not be permitted to have or maintain their said action, etc.

To the plea appellees replied, *inter alia,* that appellant knew, before it returned the said school bonds to the judgment debtor, that the said judgment had not been actually paid. A jury having been waived the court found the issues in favor of appellees and rendered judgment for $5,401.04.

The undisputed evidence shows that on March 19, 1926, just before the school bonds were returned to the judgment debtor, the vice president of appellant, who then had possession of the said school bonds, was informed by the attorney for the judgment debtor that the check which had been given in payment of the judgment was not paid but had been sent back for proper indorsement. After the receipt of that information, appellant returned the school bonds to the judgment debtor. It also appears that the check given by the judgment debtor in payment of the judgment has never been paid.

We are of the opinion that appellant cannot success-fully invoke the doctrine of estoppel under the un-disputed evidence aforesaid. By executing the appeal bond, it became liable for the payment of the judgment if the same should not be paid by the judgment debtor. While the judgment was satisfied of record by appel-lees and appellant had a certified copy of such satis-faction, yet, before it changed its position by returning the school bonds to the judgment debtor, it was in-formed that the check which the judgment debtor had given in payment of the judgment had not, in fact, been paid, but had been returned for proper indorse-ment. Having that information, appellant should not have returned the school bonds until the check was actually paid.

The attempted payment by a draft or check which is dishonored is no payment. *Canadian Bank of Com-merce v. McCrea,* 106 Ill. 281. The essential elements of an estoppel *in pais* are: Misrepresentation or con-cealment of material facts, ignorance of the truth of the matter by the party to whom the representations were made, and reliance on his part in acting upon the representations. *Holcomb v. Boynton,* 151 Ill. 294. A party desiring to claim the benefit of an estoppel cannot shut his eyes to obvious facts or neglect in-formation easily obtainable, and then charge his ig-norance to others. *Vail v. Northwestern Mut. Life Ins. Co.,* 192 Ill. 567. The party to whom the repre-sentations were made must have been without knowl-edge or the means of knowledge of the real facts. 21 C. J. 1119. One relying on estoppel must have ex-ercised such reasonable diligence as the circumstances of the case require. If he conducts himself with a careless indifference to means of information reason-ably at hand or ignores highly suspicious circum-stances which would warn him of danger or loss, he cannot invoke the doctrine of estoppel. 21 C. J. 1129-1130.

With the knowledge appellant had before it returned the school bonds to the judgment debtor, it is not in a position to invoke the doctrine of estoppel. The judgment is in accordance with the law and the evidence and for that reason it is unnecessary to determine whether the court erred in any of its rulings on the propositions of law submitted by appellant. The judgment is affirmed.

*Affirmed.*