Sixth Division
January 28, 2011

No. 1-10-1859

| | | |
|---|---|---|
| BECKY KOCZOR and DANIEL KOCZOR, | ) | Appeal from the Circuit Court |
| | ) | of Cook County |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | 09 L 1778 |
| | ) | |
| GREGORY P. MELNYK, | ) | |
| | ) | Honorable |
| Defendant-Appellee. | ) | Barbara McDonald, |
| | ) | Judge Presiding. |

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Presiding Justice Garcia and Justice Cahill concurred in the judgment and opinion.

**OPINION**

In February 2009, plaintiffs Becky Koczor and Daniel Koczor filed a complaint for legal malpractice against defendant Gregory P. Melnyk for alleged malpractice arising out of a real estate transaction from November 1997. Defendant filed a motion for summary judgment in the trial court, arguing that the statute of repose barred plaintiffs' cause of action. The trial court granted defendant's summary judgment motion and denied plaintiffs' oral request to amend their complaint. The trial court later denied plaintiffs' motion to reconsider these rulings.

Plaintiffs appeal, arguing that the trial court erred in (1) granting defendant's motion for summary judgment because the doctrine of equitable estoppel bars the applicability of the statute of repose; and (2) denying plaintiffs' motion to reconsider because the trial court misapplied the law and plaintiffs' proposed amended complaint cured any deficiencies.

In February 2009, plaintiffs filed their complaint for legal malpractice in the trial court. Their complaint alleged the following facts.

In October 1997, plaintiffs retained defendant to represent them in the purchase of two contiguous parcels of property in Willow Springs, Illinois. Specifically, defendant handled the closing of the real estate purchase. Plaintiffs alleged that defendant "assured [plaintiffs] that he would record the deeds with the Cook County Recorder of Deeds." Plaintiffs "reasonably relied" on defendant's assurances that the required steps would be followed to record the deeds.

In 2007, plaintiffs decided to build a new house on the lots and expended significant sums in preparation. In November 2007, plaintiffs discovered that one of the parcels of land purchased in 1997 had not been recorded in their names. Plaintiffs contacted defendant about this discovery and defendant promised to investigate. Plaintiffs contacted defendant several times in late 2007 about this matter, but defendant stated that he was investigating the situation and told them he was unable to access the necessary records or he needed time to go to the Cook County recorder's office to retrieve the documents. In December 2007, plaintiffs contacted the recorder's office and were told that they could obtain a judicial deed which would allow them to file a deed in their name. They attempted to contact defendant to seek a judicial deed, but defendant did not return their calls. When they reached defendant, he informed them that he could not find a judge to issue the judicial deed and the county made a mistake.

In January 2008, plaintiffs retained a new attorney. Defendant "admitted to the attorney that he failed to take the steps necessary to record the deed." In a letter dated February 5, 2008, defendant stated that he " 'inadvertently did not send out the required notice at the end of the redemption period and the deed was never issued.' "

Plaintiffs alleged that defendant's failure to properly notice the sale and record the deed

caused them significant damage, including costs for a new attorney, monies expended in preparation for building their new house, and an increased cost of building the home if plaintiffs were able to secure a deed for the property. If plaintiffs are unable to take title to the property at issue, they will be forced to spend additional funds to purchase another suitable parcel of land.

Plaintiffs further alleged that defendant's conduct concerning plaintiffs and their property failed to meet the standard of care for lawyers in the community and, but for defendant's negligence, plaintiffs would have good title to their property. Plaintiffs claimed that as a direct and proximate result of defendant's negligence, they were damaged in an amount in excess of $100,000.

In May 2009, defendant filed his answer to the legal malpractice complaint and raised an affirmative defense that the statute of limitations and repose in section 13-214.3 of the Code of Civil Procedure (735 ILCS 5/13-214.3 (West 2008)) barred plaintiffs' complaint because under the statute of limitations, plaintiffs had actual or constructive knowledge of the acts and events for more than two years prior to the filing of the complaint, and under the statute of repose, the acts and events occurred more than six years prior to the filing date of the complaint.

In plaintiffs' answer to defendant's first set of interrogatories, plaintiffs provided the following additional information. On October 18, 1997, they purchased the parcels from Shoreline Tax Investments (Shoreline), which Shoreline had purchased on January 14, 1997, in a tax sale. Plaintiffs also stated "[u]pon learning that the deeds were not properly recorded, plaintiffs contacted [defendant] on November 7, 1997, and [defendant] indicated verbally that certificates would be issued and the deeds would be recorded." On November 1, 2007, plaintiffs

were contacted by Indymac Bank to advise them that the second parcel was not recorded in their names, and the following day, they received a facsimile from Fidelity National Title Insurance Company indicating that one parcel was not in their name. The parcel remained recorded to Bedford Construction Company, Inc.

In November 2009, defendant filed a motion for summary judgment, arguing that statute of repose for legal malpractice is six years, which meant that the statute of repose on plaintiffs' claim expired on January 14, 2007, and accordingly, plaintiffs' complaint was barred when it was filed in February 2009. Specifically, defendant contended the relevant start date was January 14, 1997, when Shoreline purchased the parcel, and under the Property Tax Code (35 ILCS 200/22-40, 22-85 (West 1996)), the latest date that plaintiffs' deed to the parcel could have been recorded was January 14, 2001. Since plaintiffs' alleged legal malpractice is based on defendant's failure to properly file and record their deed to the parcel, the last act or omission occurred on January 14, 2001. Defendant argued that the statute of repose expired on January 14, 2007, and plaintiffs' complaint, filed in February 2009, was barred.

In response to defendant's motion for summary judgment, plaintiffs asserted that the doctrine of equitable estoppel tolled the statute of repose and contended that numerous questions of fact must be resolved before a determination of whether defendant is equitably estopped from asserting a defense based on the statute of repose. Plaintiffs stated that defendant "did not realize his error until it was brought to his attention years after the fact" and they "should not be faulted for failing to investigate a mistake that their attorney did not realize he had made."

In his reply in support of his motion for summary judgment, defendant argued that

4

plaintiffs had forfeited any claim of equitable estoppel because they failed to allege equitable estoppel in their complaint.

A hearing was held on defendant's motion for summary judgment, but there is no transcript of this proceeding in the record on appeal. On January 19, 2010, the trial court granted summary judgment in favor of defendant and against plaintiffs. The record indicates that following the trial court's order granting of summary judgment in favor of defendant, plaintiffs orally sought leave to file an amended complaint. Defendant objected on the grounds that plaintiffs had not presented a formal written motion for leave to amend and had not presented a proposed amended complaint. The trial court sustained defendant's objection.

In February 2010, plaintiffs filed a motion to reconsider and vacate the summary judgment order and for all other appropriate relief. In their motion, plaintiffs state that on January 19, 2010, the trial court declined to grant plaintiffs leave to amend their complaint. Plaintiffs assert that the trial court erroneously ruled that their claims against defendant were barred by the statute of repose and that under the facts of this case, they could not sufficiently plead a claim of equitable estoppel. Plaintiffs asserted that they were able to plead a non-time-barred cause of action against defendant and attached a proposed amended complaint. Plaintiffs argued that there are numerous questions of fact in the case and their amended complaint is legally and factually sufficient. Plaintiffs' motion does not explicitly ask for leave to file an amended complaint, but instead plaintiffs "move[d] to reconsider and vacate the January 19, 2010 summary judgment order and for all other appropriate relief."

The attached amended complaint alleged two counts against defendant; one for legal

malpractice and the other for equitable estoppel. The legal malpractice count was substantially similar to the original complaint, but the reference to the February 5, 2008, letter from defendant admitted his inadvertent error was removed. The equitable estoppel count alleged that defendant affirmatively represented to plaintiffs that he would properly record the deeds and plaintiffs reasonably relied on defendant's representations to their detriment. Plaintiffs further alleged that "[u]pon information and belief, between 1997 and 2007, [defendant] knew that the representations he made to [plaintiffs] were untrue in that he knew he did not properly record the deeds."

Defendant filed a response in opposition to plaintiffs' motion to reconsider and plaintiffs filed a reply in support of their motion. On June 9, 2010, the trial court denied plaintiffs' motion to reconsider.

This appeal followed.

First, we consider whether the trial court erred in granting defendant's motion for summary judgment. Specifically, plaintiffs contend that the doctrine of equitable estoppel tolled the expiration of statute of repose because plaintiffs reasonably relied on defendant's representations that he would record the deed to the parcel. Defendant maintains that equitable estoppel is not applicable to this case because he did not fail to disclose any material facts regarding plaintiffs' cause of action as he was unaware of his error.

Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, when viewed in the light most favorable to the nonmoving party, indicate that there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2004). We review cases involving summary judgment *de novo*. *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 349 (1998).

Section 13-214.3 provides that an action in tort or contract against an attorney arising out of an act or omission in the performance of professional services may not be commenced in any event more than 6 years after the date on which the act or omission occurred. 735 ILCS 5/13-214.3(b), (c) (West 1996). "[A] statute of repose begins running when a specific event occurs, regardless of whether an action has accrued or whether any injury has resulted." *Ferguson v. McKenzie*, 202 Ill. 2d 304, 311 (2001). The purpose of the statute of repose is "to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his or her cause of action." *Ferguson*, 202 Ill. 2d at 311. Once the statute of repose has expired, the potential plaintiff no longer has a recognized right of action to redress any harm that has been done. *Trogi v. Diabri & Vicari, P.C.*, 362 Ill. App. 3d 93, 96 (2005). "Illinois courts have interpreted section 13-214.3(c) to provide that the repose period begins to run with the 'last act of representation upon which the malpractice is founded.' " *Trogi*, 362 Ill. App. 3d at 96 (quoting *O'Brien v. Scovil*, 332 Ill. App. 3d 1088, 1089 (2002)). Here, defendant asserts that the statute of repose for plaintiffs' legal malpractice action expired on January 14, 2007, and the instant cause was untimely when filed on February 13, 2009.

The basis for defendant's assertion of the expiration date is as follows. Defendant noted that the relevant date of sale under the Property Tax Code was January 14, 1997 (see 35 ILCS 200/22-40, 22-85 (West 1996)), when Shoreline purchased the parcel. Under the Property Tax

7

1-10-1859

Code, there is a two-year period of redemption from the date of sale (35 ILCS 200/21-350 (West 1996)), which may be extended to three years (35 ILCS 200/21-385 (West 1996)). Section 22-85 of the Property Tax Code then provides that unless the holder of a certificate purchased at any tax sale takes out the deed and records it within one year of the end of the redemption period, the certificate or deed, and the sale on which it is based, shall be void with no right to reimbursement. 35 ILCS 200/22-85 (West 1996).

We then apply that statutory framework to this case. Shoreline's date of sale was January 14, 1997, and the two-year redemption period expired on January 14, 1999. If that period had been extended, then the relevant expiration date was January 14, 2000. From that date, section 22-85 allowed one year to record the deed, which expired on January 14, 2001. Accordingly, January 14, 2001, was the last day that defendant could have recorded the deed for plaintiffs' parcel. Since plaintiffs' malpractice action is premised on defendant's failure to record the deed, then the last date on which an act or omission arising from defendant's performance of professional services occurred on January 14, 2001. Under section 13-214.3(c), plaintiffs had six years from that date, until January 14, 2007, to file their legal malpractice action. Thus, plaintiffs' complaint, filed on February 13, 2009, was untimely. We note that plaintiffs do not dispute that their complaint was filed after the statute of repose had expired.

However, plaintiffs contend that their cause of action was not untimely because the doctrine of equitable estoppel tolled the statute of repose.

> "A party claiming estoppel must demonstrate that: (1) the other
>
> person misrepresented or concealed material facts; (2) the other

8

person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when that party decided to act, or not, upon the representations; (4) the other person intended or reasonably expected that the party claiming estoppel would determine whether to act, or not, based upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 82-83 (2006).

" ' "[I]t is not necessary that the defendant intentionally mislead or deceive the plaintiff, or even intend by its conduct to induce delay. [Citations.] Rather, all that is necessary for invocation of the doctrine of equitable estoppel is that the plaintiff reasonably rely on the defendant's conduct or representations in forbearing suit." ' " *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 252 (1994) (quoting *Witherell v. Weimer*, 85 Ill. 2d 146, 159 (1981), quoting *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1071 (7th Cir. 1978)).

Plaintiffs argue that defendant should be estopped from asserting the statute of repose because they relied upon defendant's representations that he would properly record the deeds for both parcels of land and they should not be required to investigate whether defendant performed

the services for which he was hired. The fatal flaw in plaintiffs' argument is that they have not shown a question of material fact that defendant made any representations to them between 1997 and 2007 that they relied on to refrain from filing their claim for legal malpractice. As cited above, such a representation is required to establish equitable estoppel. Rather, plaintiffs mistakenly rely on defendant's promise in 1997 that he would record the deeds as the basis for their claim of equitable estoppel. As the court in *Barratt v. Goldberg*, 296 Ill. App. 3d 252, 258 (1998), pointed out, there is a well-established rule that the basis of the legal malpractice action also cannot constitute the grounds for equitable estoppel. This statement means that there must be some misrepresentation by defendant that plaintiffs relied on to their detriment to prevent filing their legal malpractice action. Plaintiffs have not asserted any such misrepresentation by defendant, but instead they admit that defendant did not know of his error before they contacted him. The record shows that defendant did nothing to cause plaintiffs to delay filing their legal malpractice suit or to preclude plaintiffs from discovering their malpractice cause of action.

Defendant relies primarily on the decision in *McIntosh v. Cueto*, 323 Ill. App. 3d 384 (2001), to support his assertion that equitable estoppel does not apply in this case. In that case, the plaintiffs, mother and daughter Elaine and Michelle McIntosh, hired the defendant in 1987 to represent them in a medical malpractice case stemming from negligent acts that occurred at Michelle's birth. However, the defendant never filed a complaint for medical malpractice on the plaintiffs' behalf. In 1998, the plaintiffs filed a complaint for legal malpractice against the defendant. The plaintiffs asserted that they contacted the defendant's office multiple times in 1993 to get information on the case and were told by the defendant's brother that the case was

progressing, but they were unable to reach the defendant. In his motion for summary judgment, the defendant argued that the plaintiffs' complaint was barred under either the statute of limitations or the statute of repose, which the trial court granted. *McIntosh*, 323 Ill. App. 3d at 386-87.

On appeal, the reviewing court affirmed the summary judgment order, finding that the plaintiffs' "allegations do not amount to a cause of action for equitable estoppel against defendants because there are no facts to show why it was reasonable for Michelle to place trust and confidence in unanswered calls and letters or why she waited 11 years after hiring [the defendant] to discover that he did not file a lawsuit on her behalf." *McIntosh*, 323 Ill. App. 3d at 390. The appellate court reasoned that equitable estoppel was inapplicable when the plaintiffs failed to check with the circuit court whether an action had been filed in their names. "We cannot hold defendants equitably estopped from asserting a statute-of-limitations defense where plaintiffs had the ability to learn through a simple and free process long before the limitations period ended that no case had been filed on their behalf." *McIntosh*, 323 Ill. App. 3d at 391. The *McIntosh* court further noted, " ' "A party claiming the benefit of an estoppel cannot shut his eyes to obvious facts, or neglect to seek information that is easily accessible, and then charge his ignorance to others." ' " *McIntosh*, 323 Ill. App. 3d at 391 (quoting *Nickels v. Reid*, 277 Ill. App. 3d 849, 856 (1996), quoting *Vail v. Northwestern Mutual Life Insurance Co.*, 192 Ill. 567, 570 (1901)).

Additionally, we find the facts of this case to be distinguishable from those present in *DeLuna*, *Hester v. Diaz*, 346 Ill. App. 3d 550 (2004), and *Jackson Jordan*, which were relied on

by plaintiffs. In each of those cases, the defendant attorneys made continuing misrepresentations to their clients about the status of their cases. In *DeLuna*, the defendant, without the permission of his clients, deliberately filed the plaintiffs' medical malpractice case without a required affidavit, the case was dismissed and the dismissal was affirmed on appeal. Despite this dismissal, the defendant repeatedly told plaintiffs that the case was " 'going very well' " and they did not need to contact him more frequently. *DeLuna*, 223 Ill. 2d at 58. They did not learn about the dismissal until another attorney on the case sent them an explanatory letter and then they filed the action for legal malpractice. *DeLuna*, 223 Ill. 2d at 55-58.

Similarly, in *Hester*, the defendant failed to appear at a hearing in a worker's compensation case and the case was dismissed. The defendant failed to inform the plaintiff of the dismissal at that time and the plaintiff continued to contact him about the case. Seven years after the case was dismissed, the defendant finally notified the plaintiff about the dismissal. *Hester*, 346 Ill. App. 3d at 551-52. In *Jackson Jordan*, the defendant law firm misrepresented to the plaintiff that the plaintiffs' machine would not infringe on any existing patents and even after the plaintiff learned of a possible infringement, the defendant maintained that the patent was invalid and the plaintiff's machine did not infringe. *Jackson Jordan*, 158 Ill. 2d at 243-47.

Unlike the present case, the defendant attorneys in *DeLuna*, *Hester*, and *Jackson Jordan* made misrepresentations or concealed material facts that they knew were untrue upon which their clients relied to their detriment. Here, defendant erred in failing to properly record the deed, but no further contact was made with plaintiffs for ten years until plaintiffs notified defendant about the mistake. Moreover, plaintiffs have not asserted any misrepresentations after defendant learned

12

of his mistake.  Instead, the record shows that defendant told plaintiffs he would investigate the matter and later he admitted he erred in failing to properly record the deed.  Since plaintiffs failed to establish that defendant made a misrepresentation that they relied on in forbearing suit, equitable estoppel is inapplicable to toll the statute of repose.  Plaintiffs have not demonstrated a question of material fact.  Because plaintiffs' complaint was filed after the statute of repose had expired, their complaint was untimely and the trial court properly granted defendant's motion for summary judgment.

Next, plaintiffs contend that the trial court erred in denying their motion to reconsider and motion to file an amended complaint.  "In a motion to reconsider, a party should bring before the court newly discovered evidence, changes in the law or errors in the court's prior application of existing law."  *Universal Scrap Metals, Inc. v. J. Sandman & Sons, Inc.*, 337 Ill. App. 3d 501, 508 (2003).  The decision to grant or deny a motion to reconsider is within the trial court's discretion and we will not reverse that decision absent an abuse of discretion.  *Universal Scrap*, 337 Ill. App. 3d at 508.

Plaintiffs contend that the trial court misapplied the existing law when it denied their oral request for leave to file an amended complaint.  Defendant maintains that the trial court properly denied plaintiffs' oral motion to amend their complaint when they failed to file a motion to amend the complaint and did not present a proposed amended complaint to the trial court at the time of their oral motion.  Moreover, defendant contends that plaintiffs have not properly preserved this issue because the record on appeal does not contain a transcript of the proceedings where plaintiffs orally moved for leave to file an amended complaint and no order exists in the record

denying plaintiffs' oral motion.

Plaintiffs, as the appellants, bear the burden of providing a sufficiently complete record to support their claim or claims of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant,* 99 Ill. 2d 389, 391-92 (1984). Moreover, any doubt arising from the incompleteness of the record will be resolved against the appellants. *Foutch*, 99 Ill. 2d at 392. Further, " '[t]rial courts should not permit litigants to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling.' " *Universal Scrap*, 337 Ill. App. 3d at 508 (quoting *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 248 (1991)).

Here, plaintiffs did not file a motion for leave to file an amended complaint. Rather, plaintiffs waited until after the trial court granted defendant's motion for summary judgment before making an oral motion for leave to file an amended complaint without providing a proposed copy of the amended complaint to the trial court. The trial court did not abuse its discretion to deny plaintiffs' oral motion when they failed to properly file a motion or even present a proposed motion to the court. Instead, plaintiffs opted to sit idle until after the trial court ruled in defendant's favor.

Further, even if the trial court permitted plaintiffs' to file their amended complaint, the record demonstrates that they cannot establish equitable estoppel. As we have already concluded, defendant did not make any misrepresentations to plaintiffs which he knew to be untrue. Plaintiffs have admitted in the record and their brief that defendant was unaware of his error until they

notified him in 2007. Their proposed amended complaint cannot change the undisputed facts in this case and would necessarily fail. Accordingly, we find that the trial court did not abuse its discretion in denying plaintiffs' motion to reconsider.

Based on the foregoing reasons, we affirm the circuit court of Cook County.

Affirmed.