2016 IL App (4th) 160271

NO. 4-16-0271

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| VANTAGE HOSPITALITY GROUP, INC., | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| Q ILL DEVELOPMENT, LLC, d/b/a Shepherd's Inn, | ) | No. 14LM32 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra L. Wellborn, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Harris and Appleton concurred in the judgment and opinion.

**OPINION**

¶ 1        In 2006, plaintiff, Vantage Hospitality Group, Inc. (Vantage), and defendant, Q Ill Development, LLC, d/b/a Shepherd's Inn (QIll), entered into a franchise agreement titled "America's Best Value Inn Brand Membership Application and Agreement" (Agreement), pursuant to which QIll could use the America's Best Value Inn brand to market and operate its hotel in Quincy, Illinois. The Agreement included an area of protection clause (Area of Protection), which limited Vantage's ability to execute new franchise agreements with other hotels in the Quincy area.

¶ 2        In February 2014, Vantage filed a complaint alleging that QIll had failed to pay its required monthly dues under the Agreement. In response, QIll filed an answer and a counterclaim, alleging that Vantage had breached the Agreement by licensing a hotel in Hannibal, Missouri, contrary to the Area of Protection provision.

¶ 3        In October 2015, Vantage filed a motion to dismiss QIll's counterclaim pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2014)). Attached to that motion were (1) a document titled "Special Considerations Addendum" (Addendum) and (2) an affidavit of Jordan Langlois, the vice president of brand management for Vantage. In its motion to dismiss, Vantage argued that QIll had breached the Addendum beginning in December 2006 by failing to attend mandatory annual meetings, a fact asserted by Langlois in his affidavit. Vantage argued further that QIll's breach of the Addendum voided any Area of Protection clause, meaning that Vantage's licensing of the Hannibal hotel did not constitute a breach. The trial court granted Vantage's motion to dismiss.

¶ 4        In December 2015, QIll filed a motion to reconsider the trial court's decision to dismiss QIll's counterclaim. In that motion, QIll argued, in part, that Langlois's affidavit failed on multiple grounds to comply with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). After a hearing on the motion to reconsider, the court struck part of Langlois's affidavit but adhered to its decision to dismiss QIll's counterclaim. QIll appeals. We affirm.

¶ 5                                I. BACKGROUND

¶ 6                                A. The Agreement

¶ 7        On February 2, 2006, Vantage and QIll executed the Agreement that allowed QIll to use the America's Best Value Inn brand to style and market its hotel in Quincy, Illinois. The Agreement also included an Area of Protection clause, which provided the following: "[Vantage] shall not allow its name or offer membership to any property within 40 miles of Quincy. Hannibal, MO, will be allowed only on applicants with a new construction or major renovation."

¶ 8                                B. Vantage's Complaint

¶ 9        In February 2014, Vantage filed a complaint alleging that QIll had failed to pay

its monthly dues as required by the Agreement. Vantage requested $34,550 in damages, plus court costs. Attached to the complaint was the Agreement, among other attachments.

¶ 10                                    C. QIll's Counterclaim

¶ 11        In May 2014, QIll filed an answer and a one-count counterclaim alleging breach of contract. Specifically, QIll alleged that Vantage violated the Agreement by licensing a hotel in Hannibal, Missouri, thereby violating the Area of Protection clause. QIll sought monetary damages and attorney fees as a remedy for Vantage's alleged breach of the Agreement. In June 2014, Vantage filed an answer to QIll's counterclaim.

¶ 12        D. Vantage's Section 2-619 Motion To Dismiss QIll's Counterclaim

¶ 13        In October 2015, Vantage filed, under section 2-619(a)(9) of the Code, a motion to dismiss QIll's counterclaim. In support of its motion, Vantage attached (1) the affidavit of Jordan Langlois, Vantage's Vice-President of Brand Management, and (2) the Addendum, which was executed by representatives of Vantage and QIll on February 23, 2006, three weeks after Vantage and QIll initially executed the Agreement. The Addendum stated that it was "incorporated into the [Agreement]." The Addendum included the following new Area of Protection provision:

> "[Vantage] agrees not to establish, or, or [*sic*] allow to exist, any other [Vantage] properties, within a 10 mile radius of Quincy, IL, will also include a right of first refusal for a radius of 40 miles, from Quincy IL. Hannibal, MO will be allowed only on properties under new construction or major renovations, for the period of the contract."

¶ 14        The Addendum also included a section titled "Conditions of Area of Protection." That section included the following relevant provision: QIll "shall send at least one property rep-

resentative to the Annual conference every year for educational training, Brand initiatives, and overall ROI analysis" (Annual Meeting Provision). The Addendum concluded with the following language: "The terms and conditions of this Addendum shall be controlling over any conflicting terms and conditions contained in the [Agreement] to which this Addendum is attached and made a part thereof."

¶ 15　　　　Vantage asserted that QIll violated the Annual Meeting Provision of the Addendum, as shown in Langlois's affidavit, which stated, in pertinent part, the following:

> "QIll *** failed to ever, during the entire term of the contract, to [*sic*] send at least one of its representatives to the annual [Vantage] training conferences held in Las Vegas, Nevada[,] in December of 2006 through 2012 ***."

¶ 16　　　　Langlois's Affidavit concluded with the following two paragraphs:

> "9. This affidavit is given in support of Plaintiff's Motion to Dismiss the Defendant's Counterclaim ***.
>
> 10. The foregoing is true and correct to the best of my personal knowledge, and I could competently testify in open court if called upon to do so, as to the facts set forth herein."

¶ 17　　　　Vantage argued in its motion to dismiss that QIll's breach of the Annual Meeting Provision of the Addendum voided the limitations placed on Vantage by the Area of Protection clause of the Addendum. Vantage concluded that QIll's breach constituted a "sufficient affirmative matter that defeats [QIll's] [c]ounterclaim, pursuant to § 2-619(a)(9) of the [Code]."

¶ 18　　　　QIll filed a written response in November 2015 to Vantage's section 2-619 motion to dismiss. In that response, QIll argued that (1) the alleged "affirmative matter" argued by Vantage in its motion failed because it did nothing more than refute a well-pleaded fact in the

counterclaim, (2) Vantage's claim regarding the Annual Meeting Provision in the Addendum failed because that provision constitutes a "condition subsequent," not a "condition precedent," and (3) QIll's counterclaim is to be taken as true for purposes of a section 2-619 motion.

¶ 19                                    E. The Trial Court's December 2, 2015, Order

¶ 20          The trial court conducted a hearing on Vantage's motion to dismiss and granted it in a written order on December 2, 2015. The order accepted Vantage's argument that QIll violated the Annual Meeting Provision of the Addendum, thereby voiding the Area of Protection clause. The court explained that the "evidence presented by Vantage taken in the light most favorable to QIll does support by a preponderance of the evidence Vantage's claim that an Area of Protection no longer existed at the time that Vantage entered into an agreement for [a] *** Brand Hotel in Hannibal, Missouri." The court added that "[n]o opposing evidence which would raise any issue of genuine fact is presented by QIll."

¶ 21                                    F. QIll's Motion To Reconsider

¶ 22          Later in December 2015, QIll filed a motion to reconsider the trial court's decision to grant Vantage's motion to dismiss. In that motion, QIll made three arguments: (1) Langlois's affidavit failed to comply with Rule 191(a), (2) the trial court failed to take as true the allegations contained in QIll's counterclaim, and (3) the court improperly construed ambiguities between the original Agreement and the Addendum.

¶ 23          Specifically, in its first argument, QIll argued that Langlois's affidavit failed to comply with Rule 191(a) on the following four grounds: (1) the assertions in the affidavit were not based on Langlois's personal knowledge, (2) the affidavit did not have attached sworn or certified copies of all the papers upon which Langlois relied, (3) the affidavit did not contain facts admissible in evidence but instead contained conclusions, and (4) the affidavit did not show that

Langlois could testify competently to the facts stated in the affidavit. On this last point, QIll questioned how Langlois could have personal knowledge that no representative of QIll attended the annual meetings.

¶ 24    As its second argument, QIll contended that (1) Vantage's motion to dismiss merely denied the allegations of QIll's counterclaim and (2) the trial court failed to take as true the allegations contained in QIll's counterclaim, which QIll claimed the court was required to do when ruling on a section 2-619 motion to dismiss.

¶ 25    Last, QIll argued that the trial court failed to properly resolve two "ambiguities" contained within the Agreement and the Addendum. Specifically, QIll argued that the Agreement and the Addendum both included an Area of Protection provision and that an ambiguity arose as to which Area of Protection provision ought to apply. In addition, QIll argued that the terms of the Addendum were "conditions subsequent," not "conditions precedent," and that Vantage was the first party to breach either the Agreement or the Addendum. As relief, QIll asked the trial court to strike Langlois's affidavit, vacate its order dismissing QIll's counterclaim, and enter a new order denying Vantage's motion to dismiss.

¶ 26    In March 2016, the trial court conducted a hearing on QIll's motion to reconsider. Vantage argued that the motion to reconsider was inappropriate because QIll did not allege that there was newly discovered evidence or that the court had misapplied the law in reaching its decision to dismiss. QIll responded by arguing that the court "made errors in the application of law regarding the affidavit." The court stated its concern "if there was any mistake on my part in what needed to be in that affidavit or attached to that that I did not consider. *** I would like to review that for that issue." The court noted that "if there's something I'm not addressing, now is the time to do it, as opposed to us coming back here."

- 6 -

¶ 27                    G. The Trial Court's March 17, 2016, Order

¶ 28         On March 17, 2016, the trial court entered a written order denying QIll's motion to reconsider. In that order, the court addressed the merits of QIll's arguments that the Langlois affidavit violated Rule 191(a). Apparently in agreement with at least some of QIll's assertions in the motion to reconsider, the court struck multiple paragraphs of Langlois's affidavit but determined that "the court's ruling on [Vantage's section 2-619] motion to dismiss does not rely on any of the matters stricken from the affidavit." The court explained as follows:

> "The [c]ourt does not find that personal knowledge of attendance at an event must have written documentation attached and therefore also finds that the affidavit satisfies the initial burden of going forward with the motion to dismiss. The burden then shifts to the [c]ounter[c]laimant. Counter[c]laimant has not submitted an affidavit to refute this evidentiary fact. The fact of nonattendance of a QIll representative at the annual conference in December 2006 is admitted. Pursuant to the Addendum from that point forward[,] Vantage had no obligation to provide that Hannibal, Missouri[,] will only allow applicants of a new or major reconstruction to use the name of America's Best Value Inn or be offered membership by the brand as part of an area protecting QIll from same brand name competition in Hannibal, Missouri."

In addition, the court determined that the Agreement and Addendum were not ambiguous. In denying QIll's motion to reconsider, the court's order included language that "there is no just reason to delay enforcement or appeal of this decision."

¶ 29         This appeal followed.

¶ 30                              II. ANALYSIS

¶ 31    On appeal, QIll argues that (1) the trial court erred by granting Vantage's section 2-619 motion to dismiss "because the court did not strike the entire affidavit of Jordan Langlois" and (2) the court erred by finding that there were conditions to the areas of protection under the Agreement and Addendum. By making only these arguments, QIll has abandoned the primary argument it made in response to Vantage's motion to dismiss the counterclaim. That abandoned argument was that "the 'affirmative matter' presented by the movant must do more than refute a well-pleaded fact in the complaint," and Vantage's motion to dismiss allegedly did not meet that standard.

¶ 32                    A. The Claim That Langlois's Affidavit Failed
                       To Comply With Rule 191(a)

¶ 33    Before addressing the substance of QIll's claim that Langlois's affidavit failed to comply with Rule 191(a), we address the procedural context in which that argument was made in the trial court. Specifically, we note that the argument QIll now makes regarding alleged deficiencies in Langlois's affidavit was never presented or argued to the trial court when it conducted the initial hearing on Vantage's motion under section 2-619 of the Code to dismiss QIll's counterclaim. In its motion to dismiss, Vantage attached Langlois's three-page affidavit, as well as the Addendum, and argued based thereon that QIll's violation of the Addendum allegedly constituted an affirmative matter under section 2-619(a)(9) of the Code because they effectively caused QIll to lose its Area of Protection, which was the basis of QIll's counterclaim.

¶ 34    QIll's written response to Vantage's motion to dismiss, as well as QIll's later arguments in court, argued that (1) the alleged "affirmative matter" cited by Vantage in its motion failed because it did nothing more than refute a well-pleaded fact in the counterclaim, (2) Vantage's claims regarding the Annual Meeting Provision in the Addendum fails because that provision constitutes a "condition subsequent," not a "condition precedent," and (3) QIll's

- 8 -

counterclaim is to be taken as true for purposes of a section 2-619 motion. Important for this case, QIll in its initial response and arguments never raised any claimed alleged deficiencies in Langlois's affidavit.

¶ 35                           1. *The Motion To Reconsider*

¶ 36          Only after the trial court granted Vantage's motion to dismiss did QIll challenge the adequacy of Langlois's affidavit in support of that motion, doing so in the motion to reconsider that QIll filed four weeks after the trial court had granted Vantage's motion to dismiss. In its reply brief to this court, QIll cites its initial response to Vantage's motion to dismiss and claims that in paragraph three thereof, "the inadequate and improper nature of Langlois'[s] Affidavit was sufficiently addressed by [QIll] to avoid its objections to the affidavit from being waived." We have carefully read paragraph three, and this assertion is false. Similarly false is QIll's claim that at the hearing on Vantage's motion to dismiss, QIll raised any objections about Langlois's affidavit.

¶ 37          In fact, at the hearing on Vantage's motion to dismiss, QIll's counsel referred to its written response to Vantage's motion to dismiss and said, "We cited *two* reasons" why that motion should be denied. (Emphasis added.) Counsel then explained that those two reasons were (1) the allegations in Vantage's motion to dismiss did not properly constitute an affirmative matter but instead merely refuted the facts within the counterclaim and (2) the Agreement and the Addendum each contain an Area of Protection provision, and the conditions regarding the Area of Protection provision in the Addendum do not affect the Area of Protection provision in the Agreement. To be clear, *at no point* did QIll raise any of the Rule 191(a) objections to Langlois's affidavit either before or during the hearing on Vantage's motion to dismiss under section 2-619 of the Code.

¶ 38 Despite this failure, QIll filed a motion to reconsider in which—for the first time—it challenged Langlois's affidavit on the ground that it did not comply with Rule 191(a). Specifically, in its motion to reconsider, QIll alleged that Langlois's affidavit "(1) was not made using the affiant's personal knowledge, (2) did not have attached sworn or certified copies of all papers upon which the affiant relied, (3) did not contain facts admissible in evidence, and (4) the affiant did not show how he could testify competently to the facts stated in the affidavit." Of course, all of these alleged deficiencies were present in Langlois's affidavit prior to the initial hearing on Vantage's motion to dismiss under section 2-619(a) of the Code, and as we have noted, QIll raised none of these objections at or before that hearing. So, the first question, given these circumstances, is why did the trial court grant the motion to reconsider, at least to the extent of conducting a hearing thereon and then later striking some paragraphs from Langlois's affidavit? The record provides no explanation.

¶ 39                                 2. *The* Gardner *Holding*

¶ 40 Twenty-six years ago, this court was confronted with a civil case in which the plaintiff filed a motion for reconsideration of the trial court's order granting the defendant's motion for summary judgment. *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 571 N.E.2d 1107 (1991). We expressed our disapproval of the plaintiff's motion in that case, explaining as follows:

> "The intended purpose of a petition to reconsider is to bring to the court's attention (1) newly discovered evidence which was not available at the time of the first hearing, (2) changes in the law, or (3) errors in the court's previous application of existing law. [Citation.] Even if [this] affidavit were sufficient under Supreme Court Rule 191, the trial court would have been justified in disregarding the con-

tents of that affidavit solely because all of that material had been available prior to the hearing on the motion for summary judgment [citation], and plaintiff did not provide *any* explanation (much less a reasonable one) as to why this material was not offered in response to the motion for summary judgment before the hearing was held [citation]." (Emphasis in original.) *Id.* at 248, 571 N.E.2d at 1111.

¶ 41    Based upon the above discussion of the circumstances before us, this court concluded its analysis with the following two sentences, which for ease of reference we will deem the *Gardner* holding:

"Trial courts should not permit litigants to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling. Civil proceedings already suffer from far too many delays, and the interests of finality and efficiency *require* that the trial courts not consider such late-tendered evidentiary material, no matter what the contents thereof may be." (Emphasis in original.) *Id.* at 248-49, 571 N.E.2d at 1111.

¶ 42    The *Gardner* holding has been repeatedly quoted approvingly by Illinois courts. See, for instance, *In re Estate of Bennoon*, 2014 IL App (1st) 122224, ¶ 93, 13 N.E.3d 236; *Devyn Corp. v. City of Bloomington*, 2015 IL App (4th) 140819, ¶¶ 65-66, 38 N.E.3d 1266 (where this court noted that neither the plaintiff's motion for rehearing nor its argument on appeal provided any explanation as to why the statements at issue were not presented in the plaintiff's cross-motion for summary judgment); *CNB Bank & Trust, N.A. v. Rosentreter*, 2015 IL App (4th) 140141, ¶ 140, 39 N.E.3d 337 ("We realize that, in their motion for reconsideration, defendants presented additional evidence to the trial court. But the trial court was not obliged to consider it."); *Koczor v. Melnyk*, 407 Ill. App. 3d 994, 1003, 944 N.E.2d 345, 353 (1st Dist.

- 11 -

2011); *Universal Scrap Metals, Inc. v. J. Sandman & Sons, Inc.*, 337 Ill. App 3d 501, 508, 786 N.E.2d 574, 581 (1st Dist. 2003); *Perkey v. Portes-Jarol*, 2013 IL App (2d) 120470, ¶ 108, 1 N.E.3d 5 ("The trial court's ruling striking the evidence conformed with the principle that '[t]rial courts should not permit litigants to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling.' "); *Peregrine Financial Group, Inc. v. TradeMaven, L.L.C.*, 391 Ill. App. 3d 309, 320, 909 N.E.2d 837, 847 (1st Dist. 2009) ("The trial court was justified in disregarding [the affidavit at issue] because the information contained therein was available to the plaintiff at the time of the summary judgment motion hearing and, therefore, should have been brought then."); *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925, 930, 686 N.E.2d 1202, 1207 (2d Dist. 1997) ("The motion for reconsideration in this case failed to satisfy the above test [from *Gardner*] in any respect. Therefore, the trial court did not err in denying that portion of the emergency motion seeking reconsideration of the trial court's order ***."); *Simmons v. Reichardt*, 406 Ill. App. 3d 317, 325, 943 N.E.2d 752, 758 (4th Dist. 2010); *Stringer v. Packaging Corp. of America*, 351 Ill. App. 3d 1135, 1141, 815 N.E.2d 476, 481 (4th Dist. 2004).

¶ 43        The *Gardner* holding has even been cited approvingly by the Illinois Supreme Court. In *Robidoux v. Oliphant*, 201 Ill. 2d 324, 327, 775 N.E.2d 987, 989 (2002), the trial court struck the affidavit of the plaintiff's expert witness in that medical malpractice case and thereafter granted the defendant's motion for summary judgment. The plaintiff subsequently filed a motion to reconsider that had attached thereto the documentation that plaintiff's original response to defendant's motion did not contain, as required by Illinois Supreme Court Rule 191(a) (eff. Aug. 1, 1992). The trial court denied the motion to reconsider, citing the *Gardner* holding, which the supreme court *quoted in its entirety*. *Robidoux*, 201 Ill. 2d at 346, 775 N.E.2d at 999. The su-

preme court then concluded as follows:

> "A ruling on a motion to reconsider is within the sound discretion of the
> trial court and will not be disturbed absent an abuse of that discretion. [Citations.]
> Given the circumstances in this case, *and given the sound policy reasons invoked*
> *by the trial judge*, we cannot say that it was an abuse of discretion for the judge to
> strike the supplemental affidavit. The trial court therefore did not err in striking
> the supplemental affidavit and in denying the motion for reconsideration." (Em-
> phasis added.) *Id.* at 347, 775 N.E.2d at 1000.

We emphasize that the "sound policy reasons invoked by the trial judge" (*id.*) that the supreme
court referred to were essentially the *Gardner* holding.

¶ 44          We note that Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) states that its
requirements apply to affidavits in support of and in opposition to a motion for summary judg-
ment under section 2-1005 of the Code as well as "affidavits submitted in connection with a mo-
tion for involuntary dismissal under section 2-619 of the [Code]." Accordingly, all of the case
law, including *Gardner* and its progeny, that deal with affidavits in the context of motions for
summary judgment apply in full to affidavits submitted in connection with a motion for involun-
tary dismissal under section 2-619 of the Code, as in the present case.

¶ 45              3. *The Gardner Holding Applies to Arguments, Not Just Evidence*

¶ 46          *Gardner* and all of the cases subsequent thereto citing *Gardner* involved a trial
court's granting of a motion for summary judgment with the other side thereafter filing a motion
to reconsider and trying "frantically" to gather evidentiary material to show that the trial court
erred by so ruling. However, that particular context is merely fortuitous; no reason exists why the
*Gardner* holding should not apply fully to either (1) rulings (as in this case) on motions for in-

- 13 -

voluntary dismissal under section 2-619(a) of the Code or (2) to *arguments*, not just *evidence*, which are presented after the fact to the court. In other words, the present case does not involve the failure by QIll to present *evidence* at the initial hearing on Vantage's motion to dismiss under section 2-619 of the Code; instead, this case involves QIll's failure to present an *argument*— namely, the alleged deficiencies in Langlois's affidavit under Rule 191(a)—that QIll later argued to the court in its motion to reconsider as a basis for the court to deny Vantage's motion to dismiss. Because, as we have pointed out, all of these alleged deficiencies were entirely clear before the hearing on the motion to dismiss, QIll was required to present its argument regarding these alleged deficiencies before or (at a minimum) at the time of the hearing on the motion. *All* of the policy reasons contained in the *Gardner* holding and cited approvingly by the many cases that have adopted that holding apply fully to *arguments*, as well as evidence.

¶ 47        This conclusion is hardly novel. The Supreme Court of Illinois recently addressed the situation in which a party sought to present a new argument in a motion to reconsider after its complaint had been dismissed. In *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36, 5 N.E.3d 158, the supreme court wrote the following:

> "Evanston's argument with respect to the relation back doctrine was argued for
> the first time in its motion for reconsideration of the circuit court's dismissal of
> the second amended complaint. Evanston failed to raise the argument in its re-
> sponse to defendants' motion to dismiss; thus, it has forfeited the argument. The
> purpose of a motion to reconsider is to bring the court's attention newly discov-
> ered evidence that was not available at the time of the original hearing, changes in
> existing law, or errors in the court's application of the law. [Citation.] *** *Holzer
> v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 978[, 693 N.E.2d 446] (1998) (a

party may not raise a legal theory for the first time in a motion to reconsider).”

¶ 48        In *Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.*, 226 Ill. App. 3d 507, 510, 589 N.E.2d 1034, 1036 (1992), the Second District wrote that “the parties should make a full presentation of evidence *and arguments* at the initial summary judgment hearing, rather than at a later hearing on a motion to reconsider or, even later yet, when the case is on appeal.” (Emphasis added.) Two years later, the Second District reiterated that point and made its connection to the *Gardner* holding clear. In *John Alden Life Insurance Co. v. Propp*, 255 Ill. App. 3d 1005, 1011, 627 N.E.2d 703, 707 (1994), the Second District quoted the *Gardner* holding and then referred to its decision in *Rayner* for the proposition that “ ‘the parties should make a full presentation of evidence and arguments at the initial summary judgment hearing, rather than at a later hearing on a motion to reconsider.’ ”

¶ 49        Of course, this is the same rule that applies regarding the forfeiture of arguments that a party wishes to raise on appeal. It has long been the law of the State of Illinois that a party who fails to make an argument in the trial court forfeits the opportunity to do so on appeal. See *1010 Lake Shore Ass’n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14, 43 N.E.3d 1005 (“Issues not raised in either the trial court or the appellate court are forfeited.”); *Department of Human Services v. Porter*, 396 Ill. App. 3d 701, 720, 921 N.E.2d 367, 381 (2009) (party forfeited the argument she sought to bring before the appellate court by not raising it, in an administrative review case, before the administrative law judge, the Civil Service Commission, or the circuit court).

¶ 50        4. *The Trial Court Abused Its Discretion By*
*Granting the Motion To Reconsider*

¶ 51        We note again that *Gardner* and all of the cases subsequent thereto citing the *Gardner* holding were concerned procedurally with a situation in which a party’s motion to re-

consider was denied and that party was the appellant. As the supreme court explained in *Robidoux*, a trial court's ruling on a motion to reconsider is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Robidoux*, 201 Ill. 2d at 347, 225 N.E.2d at 1000. In each of the cases previously mentioned, the supreme court and the various districts of the appellate court found no abuse of discretion by the trial court by denying the motion to reconsider. Those courts all cited the *Gardner* holding in so ruling, with the supreme court even going to the point of deeming that holding as constituting "sound policy reasons." *Id.*

¶ 52    The procedural posture of the parties in this case is different because the trial court here granted (at least partially) QIll's motion to reconsider, only to nonetheless adhere to its earlier ruling granting Vantage's section 2-619 motion to dismiss the counterclaim. On appeal, QIll challenges the trial court's decision to grant only partially its motion to reconsider, asserting that no portion of Langlois's affidavit met the requirements of Rule 191(a) and, accordingly, the trial court erred by relying upon anything in that affidavit.

¶ 53    We previously explained that QIll utterly failed to meet the standards of the *Gardner* holding, and under these circumstances, we can affirm the trial court's *judgment*—namely, granting Vantage's section 2-619 motion to dismiss—while at the same time disagreeing with the trial court's underlying reasoning. In other words, we can—and do—hold that under the circumstances of this case, the trial court abused its discretion by granting, even partially, QIll's motion to reconsider. Had the trial court not done so, this court would not need to concern itself with the trial court's order of March 17, 2016, in which the court denied the motion to reconsider. Instead, we could focus our attention on what was before the trial court when it entered its initial order on December 2, 2015, granting Vantage's motion to dismiss the counterclaim. With our focus now on the trial court's December 2, 2015, order, we conclude (for reasons we explain

later) that the court did not err by granting Vantage's motion to dismiss.

¶ 54 We can take this action because we are *affirming* the trial court's judgment, not reversing it. As this court recently explained in *Khan v. Gramercy Advisors, LLC*, 2016 IL App (4th) 150435, ¶ 167, 61 N.E.3d 107, " '[T]his court reviews the determination of the trial court, not its reasoning, and therefore we may affirm on any basis in the record[,] [regardless of] whether *** the trial court relied on that basis or its reasoning was correct.' "

¶ 55 To the extent that the application of the *Gardner* holding in this case might at first blush seem harsh, we point out that interests are present in this case besides those of QIll. For example, Vantage had an interest in having this case expeditiously resolved without being burdened with unnecessary costs, and the trial court had an interest in not squandering its scarce judicial resources. Specifically, Vantage had a legitimate interest in having its motion to dismiss under section 2-619 of the Code resolved on the date the court set for a hearing on that motion. Permitting QIll to lose that motion and then frantically gather new arguments to show that the trial court erred in its ruling imposed extra and unnecessary costs upon Vantage, which was then forced to respond to QIll's motion to reconsider and to prepare for a hearing on that motion. The costs of Vantage's counsel to do so were additional, unnecessary expenditures with which Vantage should not have been encumbered.

¶ 56 Further, the trial court had already conducted a hearing on Vantage's section 2-619 motion to dismiss and ruled upon it. (We note—and commend—the trial court for its diligent preparation in advance of the hearing on the motion to dismiss in this complicated case. At that hearing, the court told counsel that the court had taken the file home the night before and read it "forward and back.") The additional time and effort required of the court to consider QIll's motion to reconsider the court's earlier decision constituted a clear waste of scarce judicial

- 17 -

resources.

¶ 57      The *Gardner* holding is of its greatest importance when, as here, it concerns dis-positive motions. That is, a party filing or opposing a dispositive motion, such as a motion for involuntary dismissal under section 2-619 of the Code, should always be required to muster eve-rything the party has at the hearing on that motion. The other party and the court are entitled to no less. When, as here, a dispositive motion is granted, leading to the dismissal of a complaint or counterclaim, permitting the losing party to file a motion to reconsider based upon evidence or arguments fully known and available prior to the hearing on that motion is exactly what the *Gardner* holding was designed to prevent: "Civil proceedings already suffer from far too many delays, and the interests of finality and efficiency *require* that the trial courts not consider such late-tendered evidentiary material, no matter what the contents thereof may be." (Emphasis in original.) *Gardner*, 213 Ill. App. 3d at 248-49, 571 N.E.2d at 1111.

¶ 58      Accordingly, for the reasons earlier stated, because we conclude that the trial court erred by granting the motion to reconsider in which QIll—for the first time—raised any questions about the adequacy of the Langlois affidavit, we decline to address on the merits QIll's arguments regarding that affidavit. Our doing so means that we are rejecting QIll's argument on appeal that the trial court erred by not striking all of Langlois's affidavit.

¶ 59      Because we concede that our analysis and conclusion on this point is somewhat unusual, we also provide the following alternative reason to reject QIll's argument regarding Langlois's affidavit. That alternative is that if we considered on the merits the trial court's ruling after it (1) granted the motion to reconsider and (2) determined to adhere to its earlier decision to grant Vantage's motion to dismiss under section 2-619 of the Code, we would still find no error in the court's ruling. We so conclude even though, for the reasons QIll argues on appeal,

- 18 -

Langlois's affidavit could have been more direct or more clear regarding some of the questions QIll raises about it. However, we are disinclined to second-guess the trial court's determination regarding this matter, even though we are fully aware that our review is *de novo*.

¶ 60                              B. The Claim That There Are No Conditions
                                    to the Area of Protection Provisions

¶ 61           QIll next argues that the trial court erred in finding that there were conditions to the Area of Protection under the agreement and Addendum. We earlier explained the argument on this point that QIll made to the trial court, which is essentially the same argument that QIll makes on appeal. The trial court was not persuaded, and neither are we.

¶ 62           As the trial court noted in its written March 2016 order denying QIll's motion to reconsider (which we consider for its insight on the court's thinking on this issue that is unrelated to the technical sufficiency of the Langlois affidavit), the Addendum imposed conditions upon the Area of Protection enjoyed by QIll, and one of those was that QIll was to send at least one property representative every year to the annual Las Vegas conference for training. The court found that Langlois's affidavit established that QIll had violated that condition and that this violation essentially cancelled the Area of Protection provision that QIll otherwise would have enjoyed. This conclusion is entirely consistent with Illinois law. In *Fayezi v. Illinois Casualty Co.*, 2016 IL App (1st) 150873, ¶ 44, 58 N.E.3d 830, the court wrote the following:

> " '[U]nder well-established statutory procedure for section 2-619 motion practices, plaintiff's failure to properly contest [a movant's] affidavit by submitting a counteraffidavit is fatal to his cause of action. The failure to challenge or contradict supporting affidavits filed with a section 2-619 motion results in an admission of the fact stated therein. [Citation.]' [Citation.]"

Because QIll failed to submit a counteraffidavit, Langlois's affidavit filed with Vantage's motion

resulted in an admission of the facts stated in that affidavit.

¶ 63　　　　As a last matter on this point, the trial court rejected QIll's claim that there was an ambiguity regarding the Area of Protection provisions in the agreement and in the Addendum, regarding whether the language of the Addendum applied to the Agreement. The trial court concluded that the Addendum language was not ambiguous as to the application of the conditions contained therein to both described Areas of Protection, and we agree.

¶ 64　　　　　　　　　　　　III. CONCLUSION

¶ 65　　　　For the foregoing reasons, we affirm the trial court's judgment.

¶ 66　　　　Affirmed.